## MINNEHOMA OIL & GAS CO. v. JOHNSON.

No. 18389. Opinion Filed Nov. 19, 1929.

C. H. Rosenstein and R. E. Rosenstein, for plaintiff in error.

Prentiss E. Rowe, Preston R. Calvert, and McCollum & McCollum, for defendant in error.

DIFFENDAFFER, C. Defendant in error, hereinafter referred to as plaintiff, commenced this action against plaintiff in error, hereinafter referred to as defendant, to recover damages alleged to have been caused by defendant setting out a fire on its oil and gas lease adjoining plaintiff's orchard, from whence the fire is alleged to have spread to plaintiff's orchard, whereby the trees on about five acres thereof were damaged.

Defendant, on the 25th day of March, 1925, was the owner and in possession of an oil and gas lease covering the south 100 acres of the N. E. 1-4, sec. 24, twp. 21 N., R. 7 E., and plaintiff was the owner and in possession of the north 60 acres of said quarter section. Of plaintiff's 60 acres, about 40 acres were in orchard extending nearly the entire length of the tract east and west along and on the south side of the land.

Plaintiff in his petition alleged, in substance: That on March 25, 1925, defendant carelessly and negligently set fire to the dry and dead grass on its leasehold; that at that time the grass was dry and highly inflammable; the weather was dry and there was a high and powerful wind blowing from the direction of defendant's premises and toward plaintiff's premises; that there was a continuous body of grass and other inflammable vegetation extending from the premises where the fire originated to the premises of plaintiff; the defendant did not plow a strip of land between the point where the fire was set and the premises of plaintiff; and did not take any other precautionary measure to control the fire; and did not advise or give plaintiff notice of its intention to set fire to the grass. It is further alleged that defendant was negligent, in that it did not furnish a sufficient crew of men to keep the fire under control, there being but two men available for that purpose.

The answer of defendant was by general denial.

The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of $2,000. Defendant after unsuccessful motion for new trial brings this appeal.

In addition to the assignment of error in overruling its motion for new trial, the petition in error contains seven assignments, two of which, the fifth and sixth, go to the sufficiency of the evidence to sustain the verdict. Others go to the admission of certain evidence, still others go to the refusal of certain instructions offered by defendant, and the last one to certain instructions given.

Defendant presents its contention under four propositions. the first of which covers the fifth and sixth assignments of error, viz.:

"5. That said district court of Pawnee county. Okla., erred in overruling and denying plaintiff in error's demurrer to the evidence introduced upon the trial of said cause on behalf of the plaintiff.

"6. That said district court of Pawnee county, Okla., erred in overruling and denying plaintiff in error's motion for a directed verdict made after all the evidence had been introduced."

If these asignments are sustained, it will be unnecessary to consider the other propositions.

At the close of plaintiff's evidence, defendant interposed a demurrer thereto, which was overruled, and at the close of all the evidence, defendant moved for a directed verdict in its favor, which was denied.

It is contended that the trial court erred in overruling the demurrer to plaintiff's evidence, and in refusing to direct a verdict for defendant, "because there is no evidence to prove that defendant or any agent of defendant set out the fire which spread to the plaintiff's premises."

While plaintiff pleads that defendant negligently and carelessly set fire to the grass and was guilty of negligence in failing to furnish a sufficient crew of men to keep the fire under control and confine it to its own premises, he relies largely upon sections 3844 and 3845, C. O. S. 1921, and failure of defendant to comply therewith to support his claim against defendant for damages.

The applicable parts of those sections are.

"Sec. 3844. If any person shall set or cause to be set on fire any woods, marsh or prairie, or any grass or stubble lands except as hereinafter provided, such person shall be deemed guilty of a misdemeanor, * * * and shall also be liable in a civil action to any person or persons damaged by such fire to the amount of such damages."

"Sec. 3845. For the purpose of destroying any grass or stubble that may be on any piece of land at the time any person commences to break or plow the same, it shall be lawful for such person to set the same on fire, after having first given at least twelve hours' notice to all persons living on adjacent lands of his intention to set out such fire, giving time when and the place where the fire is to be set; Provided, that at the time of setting such grass or stubble on fire, there shall be a strip of land well ploughed or burned over at least 20 feet in width, completely encompassing the place where such fire is set."

There is no contention or claim that the latter section was complied with by defendant, and in view thereof, we think the question of defendant's liability depends entirely upon whether the fire was in fact set out by defendant or its agents or employees.

In cases of this nature, whether negligence in setting the fire or violation of the law forbidding setting out fire without notice to adjoining landowners and plowing and burning a fireguard is relied upon, the burden of showing affirmatively in the first instance that the fire was caused by defendant is upon the plaintiff. Seaboard Airline Ry. Co. v. Charpia (Fla.) 107 So. 173; Wick v. Tacoma Eastern Ry. Co. (Wash.) 82 Pac. 711.

"Plaintiff must prove that defendant set the fire or caused it to be set and that plaintiff was injured thereby." 26 C. J. 588.

It is admitted at the outset by plaintiff that there is no witness who testified that he saw the employees of defendant set the fire. He is, therefore, depending upon circumstantial evidence, which is, of course, permissible. Adams et ux. v. Grand Trunk Western Ry Co. (Mich.) 215 N. W. 375.

The evidence of plaintiff going to this point is, in substance: That on the day of the fire the wind was blowing hard from the south or slightly east of south; that between five and six o'clock in the afternoon, while plaintiff was in his orchard spraying his trees, he discovered the fire coming from the south on defendant's premises towards his orchard; that defendant had some five oil rigs on its lease south of plaintiff's premises; at the time he observed the fire, it was about 100 yards south of his orchard; that the fire started near one of the defendant's oil rigs about 300 yards from plaintiff's orchard; that the fire spread to his orchard, and before he and his neighbors who came to his assistance could get it under control, the fire burned over about five acres of his orchard; that defendant's employees were engaged that day in burning the grass off of a lease it owned north and across the highway from plaintiff's premises; no one of defendant's employees was seen upon the lease south of plaintiff's premises that day, except one early that morning was engaged in cleaning up, that is, cutting grass and stacking lumber around the rig in the southwest corner of defendant's lease; none of the wells thereon were being operated or pumped that day; that plaintiff saw three of defendant's employees burning off the lease north of the premises that day and about the time he got the fire under control in his orchard, two of these employees came upon the scene from the south carrying wet sacks in their hands, which had the appearance of having been used; that they "said they had been burning off that day," and that they said they had tried to burn off the ground south of the orchard a few days before that, but it was too wet. Emery Witt, a witness for plaintiff, testified, in substance: That on the day in question, he was plowing in his field about one-fourth mile east; that he observed the fire between

5 and 6 o'clock; when he first saw it the fire was about 75 feet north of defendant's well south of the orchard; when he first observed the fire, it had burned over an area of about one-half acre; that he did not see any one around the fire at that time; saw two of defendant's employees at plaintiff's orchard after the fire was under control; did not know where they came from; they were carrying wet sacks, and he heard them say they had been burning off; did not know that they had been burning off the lease north of plaintiff's premises that day.

This, we think, is substantially all of plaintiff's evidence which in the least tends to connect the defendant with setting out the fire. And such was the evidence of plaintiff at the time the demurrer thereto was presented and overruled. Defendant's evidence added nothing thereto, and the employees referred to in plaintiff's evidence both testified positively that they did not set out the fire in question; that they were engaged in burning off the "Skinner Lease" north of plaintiff's premises that afternoon, and did not know anything about the fire that burned over plaintiff's premises until late that evening, when they observed the fire while they were engaged on the Skinner lease, and as soon as they observed the fire about the plaintiff's premises, they put the fires out on the Skinner lease, and went first to the rig on defendant's lease south of plaintiff's premises and "back fired" around it so as to prevent the fire from reaching the rig, and then went to assist in putting out the fire in plaintiff's orchard, arriving there about the time the fire was placed under control; that they never attempted to burn the grass off the lease south of plaintiff's land a few days before the fire and never told plaintiff that they did.

This was the state of the evidence on this point when the motion of defendant for a directed verdict was presented and overruled.

The question then is: Was the evidence sufficient upon which to base a finding that defendant had set the fire?

As stated before, the act of setting the fire may, like any other question of fact, be proved by circumstantial evidence. As to what extent the proof must go where circumstantial evidence is relied upon, the authorities are not in harmony. The rule is stated in Wick v. Tacoma Eastern Ry. Co., supra, that the origin of the fire must be established by reasonable affirmative evidence, and to a reasonable certainty. In 26 C. J. 588, the rule is stated as follows:

"Where an action is founded upon the commission of an act denounced as a crime, the proof of the charge must be clear and strong, but it need be no clearer and no stronger than is sufficient reasonably to satisfy the jury, as in other civil cases, of the truth of the charge made; it is not necessary that it is so clear and strong as to convince the jury beyond a reasonable doubt."

In Denver, T. & G. R. Co. v. DeGraff (Colo.) 29 Pac. 664, it was said:

"The fact of the origin of the fire, like any other material fact, should be established; and while the jury, within certain limits, may be left to infer the fact from the circumstances proved, such proof should be sufficient to rebut the probability of the fire having originated in any other manner. Corporations are certainly entitled to legal protection to this extent. Fires may, either intentionally or accidentally, originate in many ways, especially in the fall. That devastating fires occur frequently, perhaps annually, in districts remote from railroads, is a fact established by experience and observation; hence the necessity of limiting inference and presumption."

In Midland Valley R. Co. v. Rupe, 87 Okla. 286, 210 Pac. 1038, it is said:

"It is well settled that the fact that a fire which destroyed property originated from sparks of a passing locomotive may be shown by circumstantial evidence *** and oftentimes this is the only evidence obtainable in such cases; but as such evidence consists in reasoning from facts which are known or proved to exist in order to establish such as are conjectured to exist, the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also upon conjecture and speculation."

It may be observed that defendant was not the owner of the land upon which the fire, according to the testimony, probably originated, and it would be just as reasonable to conclude from the testimony that the owner of the fee started the fire as it is to conclude that defendant started it, and even more so since the evidence shows that a considerable portion of the land covered by defendant's lease had been plowed up apparently preparatory to planting crops thereon, and it is the positive evidence of all the agents of defendant who were on or about the land that day that they did not start the fire.

It is common knowledge that destructive fires often occur in remote regions, the origin of which is impossible to trace. Many reasons for the origin of the fire in question might be conjectured; but, as has been stated, in cases of this nature, it is incumbent

upon the plaintiff to trace the origin of the fire to defendant in order to recover. The question should not be left to conjecture and speculation. Where circumstantial evidence is relied upon, the circumstances should be such as to render it reasonably probable that defendant set the fire, and should be sufficient to, at least, reasonably tend to connect the defendant with the setting out of the fire.

Applying these rules, we are of the opinion that the evidence is wholly insufficient to support a finding that defendant or its agents set the fire in question, which the jury must have found in order to return a verdict for the plaintiff.

We, therefore, conclude that the motion of defendant at the close of all the evidence to direct a verdict in its favor should have been sustained, and that it was error not to do so. This renders it unnecessary to consider the other assignments.

The judgment should be, and is hereby, reversed, with directions to enter judgment for defendant.

BENNETT, HERR, HALL. and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 11 R. C. L. p. 995; R. C. L. Perm. Supp. p. 3029. See "Appeal and Error," 4 C. J. §2835. p. 856, n. 88. "Negligence." 45 C. J. §835, p. 1268, n. 41; §837, p. 1272, n. 71.