## HYNDS et al. v. SCHAFF.

### No. 258.

Circuit Court of Appeals, Tenth Circuit.

Jan. 2, 1931.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse, Frank E. Lee, and John F. Webster, all of Oklahoma City, Okl., on the brief), for appellants.

M. D. Green, of Muskogee, Okl. (John E. M. Taylor and Eric Haase, both of Muskogee, Okl., on the brief), for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

COTTERAL, Circuit Judge.

The appellants Sam I. Hynds, as receiver, and as trustee for the two insurance companies, and those companies brought this action against the receiver for the railway company. They alleged in their petition that 171 bales of cotton, the property of Hynds as receiver, located on the railroad platform at Kiowa, Okl., for shipment, was insured by the companies, and on November 9, 1920, 30 bales of the cotton and two days later 63 additional bales were burned; that he made proofs of loss to the insurance companies and they paid the losses, aggregating $9,718.99, for which he executed articles of subrogation of the companies to his rights; and that the burning of the cotton was due to the negligence of the railway receiver in permitting sparks and coals to escape from its engines and ignite the cotton, and in failing to provide proper screens to prevent the same. Judgment was prayed for the amount stated. The defendant first answered with a general denial and later by an amendment to the effect that the fires were contributed to by the negligence of the receiver Hynds, and that a statute of Oklahoma declaring railroad companies liable for fires originating from the operation of railroads is unconstitutional and void.

There was a trial to a jury, which resulted in a verdict and judgment for the defendant. A new trial was denied. The plaintiffs appealed, assigning error in the admission of testimony, the instructions to the jury, and the refusal of a new trial.

When the case was reached for argument in this court, the death of appellant Hynds

pending the appeal was suggested; and it was contended by counsel for appellee that the assured is a necessary party to the suit, and, in the absence of his proper representative, the appeal should be dismissed, because of the provisions of section 209, Comp. Okl. Stat. 1921, which provide:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

The answer is that section 6767, same statutes, constitutes an exception to the general provisions of section 209, in prescribing a form of policy whereby it is provided an insurance company on payment of a loss due to the act or negligence of any person or corporation shall be subrogated to the right of recovery, and such right shall be assigned to the company.

Counsel for appellee rely on decisions of the Oklahoma Supreme Court, which hold that the right of action is confined to the assured, where an insurance company has paid a part only of a fire loss. In such a case, the assured has an interest in the recovery, and a judgment binds the company. But the companies paid this entire loss, and their counsel insist that as the assured has no interest at stake and by virtue of the subrogation they have succeeded to his rights and are entitled to maintain the suit and the appeal. The question appears not to have been decided in this state. We think that, where the facts concur as in this case, section 6767 entitles the companies to the remedy. It has been so held, and we think correctly, under similar Code sections, in Hamburg-Bremen Fire Ins. Co. v. Atlantic Coast Line R. Co., 132 N. C. 75, 43 S. E. 548. The dismissal of the appeal is therefore denied.

At the trial, it was shown that the insurance was effected, the fire losses occurred and were paid to Hynds as receiver, and writings were executed subrogating the companies to his rights. The defendant's station agent Wise was allowed to testify that Garrett and Lewis gave the defendant a release of liability for the cotton due to fire or theft. The objection to the release was that, as it was not pleaded in the answer, it was irrelevant under the general issue, and it was a surprise plaintiffs could not meet at the trial. On like ground, they objected to the charge which was to the effect that the release was a defense to the suit; and they renewed the objection in motions for a new trial. Counsel

have elaborately discussed these questions. But they need not be decided, as the defendant was entitled to a directed verdict on his motion therefor and the judgment must be affirmed, because, under the facts shown in this case, the plaintiffs were bound but failed to prove the burning of the cotton was due to his negligence. In support of this view, it is essential to consider certain facts developed at the trial.

The cotton was sold by a bank for Garrett and Lewis, the owners, to Sam I. Hynds, for delivery f. o. b. at the railroad platform, and they so delivered it. Wise asked the haulers for billing and they promised to furnish it the next day. He notified Garrett and Lewis to bill the cotton or move it, but they gave him no shipping directions. They told him 200 bales were to be shipped. They executed the release in question. An agent of Hynds told Wise the cotton belonged to Hynds and not to issue a bill of lading to any one. He and Hynds retagged the cotton in Hynds' name and presented bills of lading to Wise, but he did not issue them, because as he knew Garrett and Lewis also claimed the cotton. Hynds also twice asked Wise for a bill of lading and it was refused. On November 2, he notified Wise he had brought a replevin suit for the cotton in the district court of Pittsburg county, Okl., and the cotton must not be moved. On November 3, Wise notified Hynds to remove the cotton until the dispute was settled, and Hynds' agent again asked Wise for a bill of lading, which the latter refused, because he understood Garrett and Lewis owned the cotton. Later that day Wise was served with the replevin writ.

The suit was brought on November 3 by Hynds against receiver Schaff. In the absence of a redelivery bond, the sheriff turned the cotton over to Hynds. Garrett and Lewis were substituted as defendants. On November 5, the state district court enjoined the parties from moving or selling the cotton, appointed Hynds as receiver, and ordered him to hold the cotton subject to order of court and to "insure it in his name as receiver and for his successors in trust." The trial of the suit resulted in a judgment on November 10, awarding to Garrett and Lewis the possession of the cotton and $2,500 in damages. On December 20, a stipulation of settlement was filed in the case, whereby Hynds paid Garrett and Lewis $9,051.25, for a release of their rights to the judgment.

■■ The facts justified the refusal of the defendant to issue a bill of lading for the cotton to Hynds at any time, because it did

not belong to him. On November 5, when he became receiver and up to the time the fires occurred on November 9 and 11, the injunction prevented shipment, there could be no effective direction therefor, and there was none. In that situation, the defendant, being without direction to ship the cotton, held it as a warehouseman, and was not bound to answer for its safety as an insurer, but was liable only for negligence while holding the property. 10 C. J. p. 226; Atchison, T. & S. F. Ry. Co. v. Homewood, 39 Okl. 179, 134 P. 856, 48 L. R. A. (N. S.) 990. The plaintiffs were therefore bound to establish his negligence, as the proximate cause of the loss of the cotton.

Counsel for plaintiffs have not discussed the evidence on this subject, apparently resting their appeal on the other grounds stated. But they were immaterial, and appellants were not entitled to recover, as the negligence of the defendant was not shown by the evidence. We refer to it briefly.

Trains passed and stood at the station before and at or about the time of the fires. The engines were equipped with spark arrestors of the standard approved pattern and device. They contained openings of three-sixteenths by three-fourths inches, where sparks and cinders could pass. All engines throw sparks. No arresting devices in use absolutely prevent their escape. They might get out of the ash pan from the fire box. It was the custom at the end of each trip to inspect the arrestors on the locomotives and repair or renew any defective screen. There was other testimony as to condition and movement of the engines. But there was no evidence to show that the engines of the defendant set the fires, or that sparks or coals were thrown from the engines in the direction of the cotton, or came into contact with it, or were even seen to be emitted from the engines. And there was no showing of a want of care in equipping or operating the engines.

The most that could be claimed from the evidence is that the engines might have thrown sparks or coals that might have caused the fires. As it was a mere speculation whether the fires came from the engines, or were due to negligence, a verdict should have been directed for the defendant on that ground. Gen. Ins. Co. v. N. P. Ry. Co., 280 U. S. 72, 50 S. Ct. 44, 74 L. Ed. 172, is illustrative of the necessary proof. A nonsuit in favor of the railway company was there held to have been properly sustained because both the circumstances that sparks caused the fire

and that their presence was due to the negligence of the railroad company were absent. And the doctrine prevails in Oklahoma that, while the origin of a fire may be shown by circumstantial evidence, it is insufficient unless the circumstances reasonably tend to trace the fire to the defendant. St. Louis & S. F. R. Co. v. Mobley, 70 Okl. 297, 174 P. 510; Midland Valley R. Co. v. Rupe, 87 Okl. 286, 210 P. 1038; Minnehoma O. & G. Co. v. Johnson, 139 Okl. 284, 282 P. 303.

The evidence in this case did not meet the test given in Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720, and applied by this court in Summers v. Denver Tramway Corporation, 43 F.(2d) 286.

The appellants were not entitled to a new trial. The grounds urged for it were the admission of the release, the instruction that it was a defense, and proposed new testimony of Garrett and Lewis that they each singly sold the cotton to the bank and did not execute the release, and the appellee held the cotton as a common carrier. But the release was immaterial, as the defendant's liability was dependent on his negligence, and it was not established.

The judgment in this case will therefore be affirmed.