## KENTWOOD LUMBER CO., Limited, v. ILLINOIS CENT. R. CO.

### No. 6738.

Circuit Court of Appeals, Fifth Circuit.
June 12, 1933.

Purnell M. Milner, of New Orleans, La., for appellant.

Arthur A. Moreno, of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

On Sunday, April 27, 1930, at 2:04½ p. m., appellee's south-bound strawberry express, carrying empty cars and a caboose,

passed appellant's lumber shed, situated thirty feet from appellee's south-bound track. At 2:09½ the shed, with its contents of inflammable veneer wood, was discovered fiercely burning. At 2:14 the fire was in full blast, a south wind blowing over it, and before it could be put out the shed and its contents were destroyed. This suit, brought to fasten responsibility for the fire on the railroad company, resulted in a directed verdict for it. It is vigorously argued to us that this direction was wrong. That though entirely circumstantial, the evidence taken as a whole is sufficient to support a finding in plaintiff's favor. No witness saw the start of the fire; none testified to the presence in or about the shed of sparks, burning cinders, lighted matches, or any other ignited or burning substance which could have caused its beginning; nor did any one see grass, weeds, or refuse burning on the railroad right of way. No one tells the course of the fire in the shed, the manner of its setting there, the precise time when it first commenced to burn, or precisely at what place in it the fire first took hold. Neither the engineer nor the fireman on the south-bound engine saw any evidence of fire in the shed as they passed. The fireman was, however, on the other side of the cab from the shed, and the engineer testified that he was not looking at the shed when he passed.

The shed, long and open, was accessible to any one. Persons going to church could and did walk through the mill property, between the lumber yard and the lumber shed. There was no testimony that any one had been seen or found loafing in the shed shortly before the fire; neither was there any that eliminated the possibility that persons could have been in the stalls made in the shed by the high piles of lumber there. At the time of the fire there was steam in the boiler of the Kentwood Dairy on the east side of the track. There was steam in the boilers in the mill, the smokestack of which, 60 feet high, was located 500 feet north of the southeast end of the shed. Sawdust, shavings, and slabs were used in firing the mill boilers, and its smokestack threw out sparks. At the time of the fire the wind was blowing strongly from the south, and it was upon this fact that appellant most strongly relied. Contending that sparks from the mill smokestack could not have come down against the wind to set the shed on fire, it insists that it must have been sparks from the engine, running with the wind, which, blowing into the shed, started the fire going there. It was in proof that though sparks could escape from the engine,

because there was no practical way to entirely prevent their escape, the engine was adequately equipped with arresting devices and safeguards against setting out fires, and that before and at the time of the fire the engine was being properly operated.

The District Judge thought that this evidence showed no more than that a fire was discovered in the shed a few minutes after the train had passed, and that it no more made out a case for a jury verdict than the evidence did in General Insurance Co. v. Northern Pacific R. Co., 280 U. S. 72, 50 S. Ct. 44, 74 L. Ed. 172. Appellant contests this conclusion. It points to the facts, established by the evidence, that the right of way had grass and weeds on it, that the fire occurred in a time of drought and with a wind blowing from the right of way to the shed, as distinguishing this case from that one. It insists that circumstantial is as cogent as direct evidence to fasten responsibility for fires set out by passing engines, and that the presence of dry weeds and grass on the right of way, the strong south wind blowing, and the discovery of the fire so shortly after the passing of the train, are circumstances sufficient to reasonably bar out other causes, and to support and justify an inference that the fire was dropped from the smokestack. Minneapolis Sash & Door Co. v. Great Northern Ry. Co., 83 Minn. 370, 86 N. W. 451; Overacker v. Northern Pacific R. Co., 64 Wash. 491, 117 P. 403, 404.

It might well be that if, in addition to the other matters in proof, plaintiff had shown that the fire, beginning in the dry weeds and grass on the right of way, had communicated itself to the shed, a case for the jury would have been made out. Lacking such proof, the presence of weeds and grass on the right of way is without significance. Not only is there no proof that the fire originated there, but pictures taken after the fire, showing the right of way unburned, make it clear that it did not. Appellant is thus remitted to the position that proof alone that the fire was discovered shortly after the train had passed, and that it could have started the fire, is sufficient to take its case to the jury. In this situation it finds itself confronted not only with General Ins. Co. v. Northern Pacific R. Co., supra, Thorgrimson v. Northern Pacific R. Co., 64 Wash. 500, 117 P. 406; Hynds v. Schaff, Receiver (C. C. A.) 46 F.(2d) 275; Northern Pacific R. Co. v. Mentzer (C. C. A.) 214 F. 10, Dudley v. St. L., I. M. & So. R. Co., 133 La. 80, 62 So. 413; but with that long line of cases in the federal courts

asserting the general principle that inferences must be based on probabilities, not on possibilities; must be reasonably drawn from and supported by the facts on which they purport to rest, and may not be the result of mere surmise and conjecture, of which Patton v. Texas & P. R. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361; Chicago, M. & St. P. R. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041; N. Y. Central R. Co. v. Ambrose, 280 U. S. 486, 50 S. Ct. 198, 74 L. Ed. 562; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720; U. S. v. Crume (C. C. A.) 54 F.(2d) 556; Beulah Love v. N. Y. Life Ins. Co. (C. C. A.) 64 F.(2d) 829, are illustrative.

We think the District Judge was right.

His judgment is affirmed.