## MASON v. COUNTY DEMOCRATIC EXEC-UTIVE COMMITTEE OF DALLAS COUNTY et al.

### No. 11172.

Court of Civil Appeals of Texas. Dallas.
July 23, 1934.

A. S. Wells and R. L. H. Rice, both of Dallas, and J. Alston Atkins, of Houston, for relator.

J. Hart Willis, of Houston, and Thompson, Knight, Baker & Harris, of Dallas, for respondents.

MUSE, Special Chief Justice.

Roger Q. Mason, a negro, alleging himself to be a Democrat and debarred from voting in the coming Democratic primary election in Texas for 1934, to be held in Dallas county, by virtue of the alleged void resolution passed by the State Democratic Convention on May 24, 1932, reading as follows: "Be it resolved, that all white citizens of the State of Texas, who are qualified to vote under the Constitution and laws of the State shall be eligible to membership in the Democratic Party and as such entitled to participate in its deliberations"—presents his petition for mandamus to this court, with appropriate motion for leave to file, against Murrell L. Buckner, chairman, and other members of the Dallas county Democratic executive committee, the county clerk of Dallas county, and against the Dallas county precinct election officers as a class, who are to hold said primary election, praying that said resolution be held void and that the respondents be required to permit relator and other negroes similarly situated to vote at said primary election to be held in Dallas county, Tex.

The respondents Murrell L. Buckner, chairman, and other members of the Dallas county Democratic executive committee, and the county clerk, answering the petition, plead in abatement and urge exceptions thereto, and plead the above resolution of the State Democratic Convention as expressing the action of a voluntary political association determining the eligibility to membership in said party.

Relator's petition for mandamus and motion aforesaid were submitted together, and upon argument both for relator and respondents it was admitted that the foregoing resolution reflected the action of the State Democratic Convention at the date and time stated.

The relator rested his right to the relief prayed for upon the majority opinion in the case of Nixon v. Condon, 286 U. S. 73–106, 52 S. Ct. 484, 76 L. Ed. 984–999, 88 A. L. R. 458. In this case Justice Cardozo writing the opinion rested his decision upon the stated point that the Democratic political party of Texas through its state convention had not defined the eligibility for membership in the Democratic Party, and that such power was not inherent in the State Democratic Executive Committee of the party, and its action in such behalf was a nullity. This opinion expressly restricted its decision to the point stated. Shortly after the rendition of this opinion, the State Democratic Convention adopted the resolution supra fixing and defining the eligibility to membership in the state Democratic political party.

The Court of Civil Appeals at San Antonio, in the case of County Democratic Executive Committee in and for Bexar County et al. v. Booker, 53 S.W.(2d) 123, which involved the claimed right of a negro to vote in a Democratic primary election, held that the foregoing resolution by the State Democratic Convention fixed the eligibility for membership

in the voluntary association known as the state Democratic Party of Texas, and that such holding was not in conflict with the majority decision by the United States Supreme Court in the case of Nixon v. Condon, supra. This is the legal view of this court and that the decision by the Court of Civil Appeals at San Antonio is conclusive against the relator in this case.

Since the submission of this case, the Supreme Court of Texas, in an opinion by Chief Justice Cureton, in a case similar to the case before us, has refused to permit the filing of a petition for mandamus, sustaining the right of a voluntary political association or party to determine who may be its members and that the resolution supra is the action of the state Democratic Party in convention exercising that right, under which a negro may not vote in a primary election for the nomination of Democratic candidates for public office. This decision by the Texas Supreme Court is likewise conclusive of the question before us and adverse to the relator.

It is therefore the opinion of the court that the motion by the relator for leave to file his petition for mandamus be, and it is, denied.