PINE et al. v. RIZZO et ux.

96 P. 2d 17.

No. 28657.   Nov. 14, 1939.

Charles B. McCrory, of Okmulgee, for plaintiffs in error.

W. E. Foster, E. W. Smith, and E. W. Smith, Jr., all of Henryetta, for defendants in error.

PER CURIAM. This appeal presents error from the Henryetta division of the superior court of Okmulgee county.

The action was instituted by the defendants in error, hereafter referred to as plaintiffs, against the plaintiffs in error, hereafter referred to as defendants, and another not here involved, to recover damages alleged to have been caused by negligence in the drilling of an oil well. The specific act of negligence charged was penetration of a subterranean stratum of salt water and permitting the same to rise in the oil well and pollute the water sands which supplied the wells of plaintiffs with water for domestic use. The defendants by separate answers denied generally and specifically all acts of negligence charged, a n d i n addition pleaded the bar of the statute of limitation. Trial was had to a jury. The plaintiffs made no effort to sustain the charges of negligence set forth in their petition, but introduced evidence to the effect that they had good wells of water before the oil well of defendants had been drilled and that thereafter their water was salty and unfit for domestic use. There was no proof that the oil well was in any manner defective or that it produced any salt water at any level where it could enter into the water sands which supplied the plaintiffs' wells. The plaintiffs made no claim that the defendants had discharged any salt water upon the surface. The defendants demurred to the evidence of the plaintiffs, and when this was overruled, at the close of the case moved for a directed verdict. Both motions were overruled and denied. The jury returned a verdict in favor of plaintiffs and assessed their recovery at the sum of $800. The defendants have appealed here by joint petition in error, with case-made attached, from the judgment entered on the verdict and the order which denied their motion for new trial.

As grounds for the reversal of the judgment the defendants assign 32 specifications of error, which they present and discuss under six general propositions. In view of the conclusion which we have reached in this matter, it will be unnecessary to set forth or discuss the various contentions so made. The plaintiffs did not offer any competent evidence to establish the acts of negligence which they had charged in their petition nor any evidence from which it could reasonably be inferred that the detriment which plaintiffs had sustained had been caused by the drilling and operation of the oil well. On the other hand, there was competent evidence introduced from which it might have been inferred that the plaintiffs' wells had been polluted from other sources. Under such circumstances the applicable rule is that announced in St. Louis & S. F. Ry. Co. v. Smith, 41 Okla. 314, 137 P. 357, wherein it was said:

"In the absence of any evidence tending to prove negligence, or where from the evidence negligence may not be reasonably inferred, it is the plain duty of the court to direct a verdict in favor of the defendant."

The plaintiffs seek to sustain the verdict and judgment under the doctrine of res ipsa loquitur. Since the proof of the plaintiffs, however, fails to establish any causal connection between the damage to their wells and the drilling and operation of the oil well of the defendants, this contention can have no application, for as said in Champlin Ref. Co. v. George, 182 Okla. 118, 76 P. 2d 895:

"Before the doctrine of res ipsa loquitur may be invoked to justify the inference of negligence on the part of the defendant, the plaintiff must prove what caused the damage, and that the 'thing' causing said damage was under the control or management of the defendant or his servants, since the doctrine does not go to the extent of implying that one

may, from the mere fact of injury, infer what physical act produced the injury."

The record here presented shows that the verdict of the jury was without any competent evidence to support it, and therefore is one based upon surmise and conjecture. The trial court should have sustained the motion of the defendants for a directed verdict. The judgment, therefore, is reversed, with directions to grant a new trial.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.