## RABINOVITZ et al. v. TAYLOR.

### No. 29767.   Oct. 22, 1940.

*106 P. 2d 827.*

C. R. Thurlwell, of Tulsa, for plaintiffs in error.

T. F. Dukes, of Hominy, for defendant in error.

PER CURIAM. This was an action in tort instituted by the defendant in error, hereafter referred to as plaintiff, against the plaintiffs in error, hereafter referred to as defendants, to recover damages alleged to have been sustained as a result of fire which was started on the premises of one of the defendants and escaped therefrom to the lands of the plaintiff.

The petition of plaintiff alleged, in substance, that Ida Rabinovitz was the owner of an oil and gas lease which adjoined pasture lands of the plaintiff and that one B. Rabinovitz, as agent, servant, and employee of his codefendant, had either caused or permitted a fire to be set on said oil and gas lease and to escape therefrom on to the premises of plaintiff in violation of the statute (sections 8933-8935, O. S. 1931, 2 Okla. St. Ann. §§ 746-748) and that as a result some 720 acres of pasture land were burned and injured to the damage of the plaintiff in the aggregate sum of $2,160, for which amount he prayed judgment. Allegations of said petition were put in issue by verified answers of defendants. Trial was had to a jury. At the conclusion of plaintiff's evidence, the defendants demurred thereto, and when this demurrer was overruled at the close of all of the evidence moved for directed verdict in their favor, and when this was overruled saved their exceptions thereto. The jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $335. Motion for new trial as well as motion for judgment non obstante veredicto were overruled, and defendants have perfected this appeal.

The principal error urged is the overruling of the demurrer to the evidence of the plaintiff and the motion for directed verdict in favor of the defendant.

As said in the case of Minnehoma Oil & Gas Co. v. Johnson, 139 Okla. 284, 282 P. 303:

"In an action for damages for injury to property by fire alleged to have been negligently set out by a defendant or in violation of sections 3844 and 3845, C. O. S. 1921, the origin of the fire must be established by reasonable affirmative evidence, and may, like any other fact, be shown by circumstantial evidence, but, in such case, in order for plaintiff to recover, the circumstances must be such as to reasonably tend to connect the defendant with the act of setting out the fire.

"A judgment must be based upon evidence reasonably tending to support the same, and where there is no competent evidence reasonably tending to support the verdict of a jury, a judgment based thereon should be set aside upon appeal."

At the trial a witness for the plaintiff testified that he had set the fire which had caused plaintiff's damage and that the setting of same had been at the vo-

lition of said witness and without the knowledge or consent of the defendants or either of them, and thereupon the plaintiff, in open court, made the following announcement:

"Before the court proceeds further we want to withdraw our statement that Mr. Rabinovitz set the fire. We would like to change the petition by adding that Leon Linton set the fire and was the agent and employee of defendants."

The court denied the request to amend the petition, and plaintiff saved no exception thereto.

Since the liability of Ida Rabinovitz rested upon the doctrine of respondeat superior, when the plaintiff admitted in open court that her alleged agent, B. Rabinovitz, had not set the fire, and requested permission to amend his petition so as to allege that another was the responsible agent, he thereby, when his request to amend was denied, left himself without any basis upon which to sustain a recovery in his favor. As said in the case of Fairmont Creamery Co. v. Carsten, 175 Okla. 592, 55 P. 2d 757:

"Where it is sought to hold one person responsible for the torts committed by another, it must be made to appear by competent evidence that the relationship of principal and agent, or that of master and servant, existed between the two at the time the tort was committed, and in addition to that tortious act complained of was committed in the course of the employment of the servant.

"The doctrine of respondeat superior applies only when the relation of master and servant is shown to exist at the time and in the respect to the very transaction out of which the injury arose."

Under the record which has been presented here, it appears that the plaintiff had nothing to submit to the jury when his request to amend his petition was denied, and that therefore the court erred when it overruled the demurrer to the plaintiff's evidence and denied the motion to direct a verdict in favor of defendants. Since, under all of the evidence and all inferences which could be properly deduced therefrom under plaintiff's theory of the case, there could be no recovery (Pine v. Rizzo, 186 Okla. 35, 96 P. 2d 17; St. L. & S. F. R. Co. v. Smith, 41 Okla. 314, 137 P. 357) it is unnecessary to discuss the other contentions presented by the defendants.

Reversed and remanded, with directions to the trial court to permit the plaintiff to amend his petition and grant a new trial.

BAYLESS, C. J., and OSBORN, RILEY, GIBSON, and DAVISON, JJ., concur.