INSURANCE COMPANY OF NORTH AMERICA, a corporation; Springfield Fire and Marine Insurance Co., a corporation; and Western Assurance Company, a corporation, Plaintiffs,

v.

SUNRISE BAKERY, Inc., an Alaskan corporation, Defendant.

No. A-9250.

United States District Court
Alaska
Third Division, Anchorage.
May 23, 1955.

John E. Manders, Anchorage, Alaska, for plaintiffs.

Edward L. Arnell, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

Plaintiffs, as subrogees, seek to recover amounts paid under insurance policies for the destruction of a garage

building by fire which they allege was negligently allowed to spread by the defendant.

It appears that as was its custom, the defendant kindled a fire on its land for the purpose of burning empty paper cartons and sacks, at a spot about 25 feet from the open door of a garage building in which workmen were painting sheets of plyboard, and across an alley separating the two properties. They testified that there was a breeze blowing from the direction of this trash fire into the garage; that they were aware, as they worked, of the smell of smoke and the presence of particles of ash, but also admitted that they smoked cigarettes and threw the stubs on the floor, which was covered with oil-soaked paper presumably to protect the floor from paint. According to the records of the United States Weather Bureau, at the time the fire started in the garage building it was calm at the International Airport, about three or four miles west, although there had been an intermittent breeze varying as much as 90° in direction. It appears that the smoke from the burning building ascended nearly perpendicularly and then drifted in a southeasterly direction, or practically parallel with the alley. Half an hour after the fire started there was a five mile breeze from the west. The trash fire was approximately northeast of the open garage door.

The testimony is in sharp conflict. A review of it leaves me with the same opinion that I had upon the conclusion of the trial—that the plaintiffs have failed to sustain the burden of proof. The cases cited by the plaintiffs are distinguishable from the instant case in that in each of them the fire could have originated in one spot only, or been due to a particular condition only. In other words, there was but one fire. Here there were two—the trash fire and the one which consumed the garage. Can it be said that it was more probable that the fire in the garage started from the trash fire than from cigarette stubs thrown on the oil-soaked paper on the floor of the garage, or that the fire in

the garage would not have occurred but for the trash fire? An affirmative answer would, of course, be required had the garage not been occupied by persons who indulged in smoking from time to time and threw the stubs on the floor, because then it would be reasonably clear that the fire in the garage could have originated only from the trash fire across the alley. Cf. General Insurance Co. of North America v. Northern Pacific Ry. Co., 280 U.S. 72, 50 S.Ct. 44, 74 L.Ed. 172.

So far as the interest or motive of the witnesses for the respective parties is concerned, it would seem that the motive of the plaintiffs' witnesses to exculpate themselves from blame for burning the place in which they were employed would be as great as any motive of the defendant's witnesses to favor their employer for reasons of job security or otherwise.

I am of the opinion, therefore, that the complaint should be dismissed.