S. R. SMITH, Plaintiff in Error,

v.

R. A. VANIER, d/b/a Ambassador Hotel, Defendant in Error.

No. 37309.

Supreme Court of Oklahoma.

Feb. 19, 1957.

Houston, Klein & Davison and John S. Treadway, Tulsa, for plaintiff in error.

Sanders & McElroy and Finis Smith, Tulsa, for defendant in error.

DAVISON, Justice.

This is an action, brought by the plaintiff, R. A. Vanier, doing business as the Ambassador Hotel, whereby he seeks to recover from S. R. Smith, as defendant, double the amount of damage done to one of the hotel rooms and the furnishings therein by fire. The case was tried de novo on appeal from the Justice of the Peace Court where it was originally filed. The

parties will be referred to as they appeared in the trial court.

The parties stipulated as to the amount of damage done. Otherwise the only evidence produced was the testimony of the hotel manager. He testified that, at about 5:30 P.M. on April 11, 1955, the defendant, who was a guest at the hotel, got his room key from witness and went upstairs; that, at about 11:30 o'clock that evening; one of the other guests notified witness that smoke was coming from defendant's room; he and one of the porters went to the room, opened it and found it full of smoke with defendant in an unconscious condition on the bed; he was carried out and revived.

The witness further testified that there was a divan against one wall of the room with a small end table at each end of the divan and a floor lamp at one end; on each end table was an ash tray; that the fire was in the divan which was taken out and drenched with water; that a large hole had been burned in it including a part of the frame and that witness didn't know whether or not defendant was in his room from the time he got the key until the fire but that he could have left. As to what caused the fire, he testified as follows:

"I couldn't say; I wouldn't know what caused it, but as far as I was concerned the davenport had been burned up."

Defendant demurred to the evidence which was overruled. No further evidence was offered and both parties moved for an instructed verdict. The court directed a verdict in favor of plaintiff, from which defendant has appealed.

■ Three facts are established by the evidence, towit: defendant was in possession of his room key from 5:30 in the afternoon until after the fire; a fire was burning in his room at 11:30 P.M.; he was in his room overcome by smoke when the fire was discovered. In order to sustain the judgment, it must be presumed: that defendant was in his room when the fire

started; that the fire was caused by an act of the defendant; and that such act was a negligent one. Plaintiff relies upon the rule of evidence known as res ipsa loquitur and its interpretation contained in the opinions of this court in the case of Okmulgee Supply Corp. v. Hall, 195 Okl. 481, 158 P.2d 1014 and the therein cited case of Muskogee Electric Traction Co. v. McIntire, 37 Okl. 684, 133 P. 213, 215, L.R. A.1916C, 351. In the last above cited case, the following explanation of said rule of evidence is found, quoted from Thompson's Commentaries of the Law of Negligence, Vol. 1, sec. 15,

"'The principle is generally expressed in the Latin formula "res ipsa loquitur," "the thing itself speaks." The meaning was thus expressed by Erle, J., in giving his judgment in a noted case: "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.'"

■■ The rule is a sound one and promotes justice in those cases where it is applicable. It is a rule of evidence which raises a rebuttable presumption of negligence but it cannot be invoked where it also must be founded upon a presumption.

"Before the doctrine of res ipsa loquitur may be invoked to justify the inference of negligence on the part of the defendant, the plaintiff must prove what caused the damage, and that the 'thing' causing said damage was under the control or management of the defendant or his servants, since the doctrine does not go to the extent of implying that one may, from the mere fact of injury, infer what physical act produced the injury." Pine v. Rizzo, 186 Okl. 35, 96 P.2d 17. Also

541

see the case of Tweed v. First Nat'l Bldg. Corp., 203 Okl. 31, 218 P.2d 356.

Applying the above rule to a case of fire in the case of Minnehoma Oil & Gas Co. v. Johnson, 139 Okl. 284, 282 P. 303, we quoted the earlier case of Midland Valley R. Co. v. Rupe, 87 Okl. 286, 210 P. 1038, as follows [282 P. 306]:

"'It is well settled that the fact that a fire which destroyed property originated from sparks of a passing locomotive may be shown by circumstantial evidence * * * and oftentimes this is the only evidence obtainable in such cases, but, as such evidence consists in reasoning from facts which are known or proved to exist in order to establish such as are conjectured to exist, the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also upon conjecture and speculation.'"

So, in the case at bar, if defendant has been shown to be in possession and control of the fire which ignited the divan, the rule of res ipsa loquitur could have been relied upon to establish negligence in the handling of that fire. But it cannot be presumed that he was in the room when the fire started and further presumed that being in the room an act of his started the fire and then further presume that, since an act of his started the fire, that act was negligent. In the Okmulgee Supply Corp. case, supra, the defendant employees were shown to have built the fire which spread to and burned down the house and to have been in possession of the house during the interim. The only presumption there necessary to establish liability was that said employees were negligent in controlling their fire. The rule of res ipsa loquitur was clearly applicable to invoke the presumption.

█ In the case now before us, it was not shown that defendant was in possession of a fire or any instrumentality capable of producing a fire. The evidence of

plaintiff was insufficient to establish liability and defendant's demurrer thereto should have been sustained.

The judgment is reversed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.