R. Benton ROSS, Plaintiff in Error,

v.

Edna Erma FINK et al., Defendants in Error.

No. 40044.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Walter Hubbell, Hugh F. Fitzsimons, Walters, for plaintiff in error.

Funston Flanagan, Walters, for defendants in error.

JOHNSON, Judge.

The defendants in error, hereafter referred to as plaintiffs, filed their petition in the District Court of Cotton County, Oklahoma, alleging the plaintiff in error, hereafter referred to as defendant, to be the partial owner and operator of oil and gas leases on the property of plaintiffs described as the Northeast Quarter of Section 16, Township 5 South, Range 12 West I.M. in Cotton County; that in the operation of the oil wells upon said premises the defendant had constructed two large salt water pits holding several thousand barrels of liquid; that said pits were used in the storage of salt water, and as evaporation occurred the salt content in the bottom of said pits became heavier; that about two years before filing of suit, said pits were filled by the defendant and are no longer used. It was further alleged that said pits were negligently constructed in that they were constructed on porous ground so that the salt residue worked its way underground; that salt followed the flow of underground water for a distance and then came to the surface, spreading over the surface, and caused great damage in violation of the statute 52 O.S.1961 § 296.

The answer was a general denial and a plea of limitation.

A jury verdict resulted in a judgment for $1,843.75, after remittitur. Upon the overruling of the motion for new trial, this appeal was taken.

■ At the outset we may simplify the issues by eliminating certain features. There is no allegation in the pleadings or proof in the record to establish any flowage of salt water over the surface of plaintiffs' land. The sole contention upon which recovery is sought is that this salt water permeated porous soil and was carried beneath certain areas of the plaintiffs' land where it seeped through the soil, thus damaging plaintiffs' land. This being true, the damage claimed is caused, if at all, wholly by subterranean waters. Therefore, the statute mentioned and relied on in the petition, 52 O.S.1961 § 296, has no application to the

case at bar, this court having heretofore held that such statute applies only to surface waters and not subterranean waters. This section reads as follows:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

In Larkins-Warr Trust et al. v. Watchorn Petroleum Co., et al., 198 Okl. 12, 174 P.2d 589, this court in the body of the opinion quoted this section of the statute and then said:

"A casual reading of this section discloses that it was not designed to cover underground conditions such as is before us. * * *"

■■ There was therefore no violation of the statute in question, and, plaintiffs are relegated to reliance upon common law negligence as alleged in the petition as a basis of recovery.

In the case of Cities Service Oil Company v. Merritt, Okl., 332 P.2d 677, we said in the seventh paragraph of the syllabus:

"The basis of liability for injury or damages to property by pollution of subterraneous waters, from oil, gas, salt water or like substances, in oil wells must be either negligence or nuisance."

In view of the fact that there is no allegation of nuisance in the petition, the plaintiff is confined to the issue of negligence.

The specific allegations of negligence are contained in the following excerpts from the petition:

"4. That each of the pits aforesaid were used in storing salt water and as evaporation occurred, the salt content

in the bottom of said pits became heavier * * *

"5. That said pits were negligently constructed in that they were placed on land having a porous quality and so located as to permit the salt residue to work its way underground and to come out * * *"

■ In view of the inapplicability of the statute 52 O.S.1961 § 296, it is the contention of defendant that Instruction No. 5 relieved plaintiffs of proving negligence. With this we agree. It was incumbent upon the plaintiffs to establish defendant's negligence to justify a recovery.

Instruction No. 5 given by the court reads:

"As heretofore instructed, the burden of proof is upon the Plaintiff to establish her cause of action by a preponderance of the evidence; and although the court advises you that negligence is not an element necessary to be proved before Plaintiff has a right to recover, the Plaintiff still has the burden of showing that her damages, if any, were proximately caused by the acts of the Defendant. The term 'proximate cause' as used in this instruction means that cause which in natural and continuous sequence without the intervention of any other cause, produces the damage and without which the result would not have happened; and in this connection, if the jury find that Plaintiff was damaged but that her damages were the result of natural alkali or salt spots, then Plaintiff could not recover. But if the jury find that the plaintiff's land was damaged and that the damages were proximately caused by salt water seeping through underground strata from the disposal pit and coming to the surface on Plaintiff's land, then Plaintiff could recover provided that it is further shown that said damages were caused within the two year period immediately preceding the filing of Plaintiff's Petition. (Objected

to by Defendant and exceptions allowed. /s/ Luther B. Eubanks)"

The above instruction advises the jury that "negligence is not an element necessary to be proved before plaintiff has a right to recover." This is clearly erroneous in the light of what has heretofore been said, and inasmuch as proof of negligence is essential to plaintiff's recovery, it was incumbent upon the trial court to properly instruct the jury on the issue of negligence.

Cause reversed with instructions to grant ·defendant a new trial.

BLACKBIRD, C. J., and WELCH, DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.