Thurman F. NORMAN and Carolyn Sue Norman, husband and wife, Plaintiffs in Error,

v.

GREENLAND DRILLING COMPANY, a corporation, Defendant in Error.

No. 40646.

Supreme Court of Oklahoma.

May 11, 1965.

Rehearing Denied June 29, 1965.

Erwin & Erwin, Chandler, for plaintiffs in error.

William A. Vassar, Chandler, for defendant in error.

DAVISON, Justice.

Thurman F. Norman and Carolyn Sue Norman (plaintiffs below) appeal from an order and judgment of the lower court sustaining the demurrer of Greenland Drilling Company (defendant below) to the evidence of plaintiffs.

Plaintiffs instituted the action to recover damages for pollution of their land, ponds and water well allegedly caused by gas, oil and salt water that escaped from the oil well

of defendant. The plaintiffs were the owners of a tract of land in Lincoln County, Oklahoma, on which the water well and two stock ponds were located. Defendant had drilled an oil well on the adjoining tract of land, west of plaintiffs' land, and was producing oil from the well. The exact distance between the oil well and the improvements of the plaintiffs is not shown but they are located on adjoining 40 acre tracts. There are other wells located in the surrounding area.

Plaintiffs alleged in their petition that gas, oil and salt water, blew out and escaped from defendant's oil well from some location beneath the surface of the ground and thence over, under and into the land of plaintiffs where it created holes and fissures in an area of 8 or 10 acres and percolated into the water well and stock ponds and soaked and permeated the pasture and lands of the plaintiffs. Plaintiffs alleged that defendant was negligent in setting the surface pipe and in failing to properly cement the well and was generally negligent in failing to take proper precautions to prevent escape of gas and petroleum products from structures penetrated by the well, and contrary to law permitted the described substances to flow over, upon and into the plaintiffs' lands.

The record reflects that the trial court sustained the demurrer to plaintiffs' evidence on the ground that their evidence did not show any negligence on the part of the defendant. Plaintiffs contend that the evidence shows that 52 O.S.1961, § 296, was applicable and no proof of negligence was required. Plaintiffs also urge, in the alternative, that the evidence was sufficient to invoke the doctrine of res ipsa loquitur.

To the extent that it is pertinent to the above propositions, the evidence reflects that on October 1, 1962, gas and water started flowing up through the surface of about 2 acres of plaintiffs' land in the area of the stock ponds, to a height of 2 feet or more, and gas bubbled up in one of the ponds and in the water well; that this was reported to an employee of defendant and to the operator of other oil wells in the general area

and the wells were examined to determine the source of the gas and water; that defendant's employee examined the defendant's oil well, and "he had the casing opened on it and it was flowing saltwater," and he said "This is it, we have checked the volume," and "At the fissure hole we have checked the volume and shut the well in and we'll get it fixed just as soon as possible;" that the next day a pulling unit was pulling the tubing and a Halliburton Oil Well cementing outfit was at the well site; and after that day the gas quit coming out on plaintiffs' property. There was testimony that small holes and fissures were left on plaintiffs' land where the gas and water came up and the water in the pond and water well tasted "salty" or "more of a slick slimey taste to it."

The plaintiffs introduced no evidence of acts or omissions constituting negligence or lack of care on the part of defendant in drilling and completing the well or thereafter in the operation of the well.

Plaintiffs contend their evidence establishes the existence of a situation falling within the provisions of 52 O.S.1961, § 296, and therefore relieves them of the burden of showing defendant's negligence was responsible for the gas, oil and salt water escaping from the well. The cited section is as follows:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

In Franklin Drilling Co. v. Jackson, 202 Okl. 687, 217 P.2d 816, 19 A.L.R.2d 1015, we said that in an action to recover damages resulting from a violation of the

cited statute, proof of negligence was not essential to a recovery.

■ The statute is a penal statute and in Pure Oil Co. v. Gear, 183 Okl. 489, 83 P.2d 389, it is stated that the violation of the statute is not to be lightly presumed, but must be proved by competent and substantial evidence.

In the present case all of the creditable evidence and the inferences to be drawn therefrom is that the gas and fluids escaped from the oil well at some underground level and flowed beneath the surface to a point under plaintiffs' land, where it passed upward, polluting the soil and surface, the pond and the water well. There is no evidence that it flowed across the surface from the well and thence upon plaintiffs' land.

■ In Ross v. Fink, Okl., 378 P.2d 1011, the plaintiff lessor sought damages from the lessee based on negligence of the lessee in constructing salt water pits on porous ground, so that salt water permeated the porous soil and flowed or was carried by subterranean waters for a distance where it came to the surface, spreading over the surface, causing damage in violation of 52 O.S.1961, § 296 (supra). We there held that in such a situation it was improper to instruct the jury that negligence of the defendant was not an element necessary for the plaintiff to prove, in order to recover. Therein the law is stated in the syllabus thereof as follows:

"In an action to recover damages to land due to pollution from underground sources, 52 O.S.1961, § 296, has no application.

"Recovery, if any, under the conditions set forth in paragraph one, must be upon the basis of negligence or nuisance."

Plaintiffs do not allege nuisance as a ground for recovery and they are confined to the issue of negligence.

■ It is our conclusion that the circumstances shown by the evidence do not fall within 52 O.S.1961, § 296, and plaintiffs are not entitled to the benefits of such statute.

This brings us to plaintiffs' contention that the situation justifies application of the doctrine of res ipsa loquitur and thereby negligence of the defendant may be fairly inferred.

The evidence shows that gas pressure was responsible for the flow of the gas and liquids to, through, and to the surface of plaintiffs' land, and for the alleged damage. Other evidence offered by plaintiffs tended to prove that other wells in close proximity to plaintiffs' land in question were not responsible for the damages to plaintiffs' water well and ponds. By such a process of elimination of other wells and by the statements, and by the circumstances that the flow of the substances ceased after work was completed upon defendant's well, it may reasonably be concluded that the gas and liquids originated from defendant's well.

■ In Oklahoma Natural Gas Co. v. Colvert, Okl., 260 P.2d 1076, this court stated, relative to the doctrine of res ipsa loquitur, as follows:

"Where the instrumentality or thing which causes injury is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from the want of care."

See also Smith v. Vanier, Okl., 307 P.2d 539, 540.

■ It is our conclusion that the evidence of plaintiffs entitled them to the benefits of such rule of law.

For the reasons stated the trial court erred in sustaining the demurrer to plaintiffs' evidence and the order is reversed with directions to grant a new trial.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD and HODGES, JJ., concur.

IRWIN and BERRY, JJ., concur in results.