MILLER v. THE CHICAGO & NORTHWESTERN RAILWAY CO.

1. **Railroads:** FIRE FROM ENGINE: NEGLIGENCE: EVIDENCE RESTRICTED TO NEGLIGENCE PLEADED. A party cannot depart from the issues, in introducing evidence in rebuttal, in order to overcome evidence introduced by the other party pertinent to the issues. And so, where the petition alleged that the fire complained of was set out "solely through the negligence of the defendant in operating its said railway," it was error to permit plaintiff, in rebuttal, to show that there was dry grass upon the right of way, nearly up to the track. *Carter v. Kansas City, St. J. & C. B. R'y Co.*, 65 Iowa, 287, followed.

*Appeal from Buena Vista Circuit Court.*

SATURDAY, JUNE 6.

ACTION to recover the value of property destroyed by a fire set out by an engine operated upon defendant's railroad. There was a judgment, upon a verdict for plaintiff. Defendant appeals.

*C. O. Bailey* and *Hubbard, Clark & Dawley*, for appellant.

*Lot Thomas* and *T. H. Helsell*, for appellee.

BECK, CH. J.—I. The petition, after alleging that the fire was set out by defendant in operating a train of cars on its road, the destruction of plaintiff's property, and its value, further avers " that the fire was set out, and plaintiff's property was injured and destroyed thereby, solely through the negligence of defendant in operating said railway." The defendant having introduced evidence tending to show due care in the operation of the engine which set out the fire, and that it was in good order and condition, having the appliances commonly used for arresting sparks and preventing fire from being thrown out, the plaintiff, in rebuttal, was permitted to prove that there was dry grass upon defendant's right of way, nearly up to the track of the road. This evidence, as we understand the record, was admitted to prove negligence of defendant. To the admission of this evidence defendant at the time objected, and now complains of it as erroneous.

II. The plaintiff having averred in his petition the fact constituting negligence, whereon he bases his right to recover, cannot depart from the issue made by this averment, and show other facts in order to establish defendant's negligence. And this is so whether it is or is not necessary, in a case to recover for loss by fire set out by an engine, to allege negligence of defendant. This precise rule was established by this court in *Carter v. Kansas City, St. J. & C. B. R'y*, 65 Iowa, 287.

III. The fact that the evidence was admitted in rebuttal

does not take this case out of the rule. A party cannot depart from the issues, in evidence introduced in rebuttal, in order to overcome evidence of the other party pertinent to the issue. In this case the negligence in issue, under the petition, involved the acts of defendant in operating the train. Upon this issue evidence was offered by defendant. The court permitted plaintiff, in his evidence in rebuttal, to show other acts of negligence. This the law does not authorize.

Other questions discussed by counsel need not be determined. Upon some of them we probably would not agree. For the error above pointed out, the judgment of the circuit court is

REVERSED.