BABCOCK ET AL. v. THE CHICAGO & NORTHWESTERN R'Y Co.

1. **Practice on Appeal:** SECOND APPEAL: CONCLUSIVENESS OF RULING ON FIRST APPEAL. A ruling made on a first appeal of a cause will be adhered to on all subsequent appeals of the same cause, whether right or wrong. And so, the conclusion of this court, announced in the opinion on rehearing on a former appeal, (see 62 Iowa, 594,) as to what constitutes a conflict of evidence as to negligence in an action against a railway company for damages for a fire set out by a locomotive, is adhered to on this appeal, without reconsideration. (*Adams Co. v. Burlington & M. R. R'y Co.*, 55 Iowa, 94, followed.)

2. **Railroads:** NEGLIGENT FIRES: PLEADING: INSTRUCTIONS. In an action against a railroad company for damages caused by fire from a locomotive, an allegation that the defendant permitted the engine to be out of repair, and carelessly and negligently used, does not raise an issue as to the competency and skill of the engineer and fireman, and hence the court was not justified in submitting to the jury the question whether the engineer and fireman were unskilled. [BECK, J., *dissenting*.]

*Appeal from Story Circuit Court.*

WEDNESDAY, JUNE 23, 1886.

THE plaintiffs seek by this action to recover damages for certain property which they allege was destroyed by fire set out by the engine of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiffs. Defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*Caswell & Meeker* and *James Allison*, for appellees.

ROTHROCK, J.—This cause has once been before this court upon an appeal from a judgment against the defendant. See 62 Iowa, 593. The judgment was reversed upon a question not presented in the present appeal. It is unnecessary to repeat the facts of the case. A reference to the opinion on the former appeal is sufficient; and we do not deem it necessary to again discuss the question whether or not the evidence was sufficient to warrant the jury in finding that the

engine, which it is claimed set out the fire, was defective in its spark-arrester and other appliances to prevent the escape of fire. The evidence upon that question is substantially the same as on the former appeal; and we then held in the original opinion, and in the opinion on rehearing, that there ought to be no reversal on this ground; and we think the judgment ought not to be disturbed upon the question as to the negligence of the plaintiffs in allowing dry grass and stubble to remain upon their land, and thereby contributing to the injury. In our opinion, the jury were warranted in finding that the plaintiffs were not chargeable with negligence in this respect.

Upon an examination of the record in both appeals, we desire to add nothing to what we have already said, except

1. PRACTICE on appeal: second appeal: conclusiveness of ruling on first appeal.

upon the question as to the care with which the engineer operated his engine and train. In the opinion upon the former appeal it was stated, in substance, that, if the fire was set out by the cinders referred to by the plaintiff Thompson in his testimony, the jury was authorized to find from the evidence that the engine was not in good order, or that it was not skillfully managed; and in the opinion on the rehearing, in answer to the argument of defendant's counsel to the effect that there was no conflict in the evidence that the engine was properly and carefully managed, it was conceded that all the direct evidence was on the defendant's side of that question, but it was held that there was upon the side of the plaintiffs the *prima facie* evidence of negligence which the law itself presumes against the defendant, and that there were contradictory circumstances on the side of the plaintiffs. We then said that " the fire, under the law, is evidence of defendant's negligence. The good condition of the engine, the diligence of defendant's employes, and other facts, all are evidence of defendant's care. Here is conflicting evidence, which must be determined by the jury."

The same may be said of the present appeal. The court, in

its instructions to the jury, enumerated the care with which the engine was managed, as a fact for the consideration of the jury. It is true that, in answer to the question whether he was running the engine with the care with which engines ought to be run, the engineer testified that he was, according to the grade he had to go up, and the train attached to the engine. Now, if this should be conceded, and if it should also be conceded that the affirmative evidence shows, without conflict, that the engine was in perfect order, we held in the opinion on rehearing that it was a question for the jury to determine whether the presumption of negligence was overcome by the affirmative evidence in the case; that there was a conflict between the presumption and the evidence introduced to rebut it, which was proper to submit to the jury. Whether in this holding we are right or wrong, we feel compelled to adhere to it, for the reason that this is the second appeal of the same case, of substantially the same facts, and the rule announced upon the former appeal must be regarded as the law of the case, which should be adhered to as applicable to this case. *Adams Co. v. Burlington & M. R. R. Co.*, 55 Iowa, 94.

OPINION ON REHEARING.

SATURDAY, JUNE 25, 1887.

SEEVERS, J.—In a petition for a rehearing, our attention is called to the fact that we failed to determine a question made 2. RAILROADS: by counsel for appellant, and upon again looknegligent ing into the record we think this position fires : pleading : instructions. must be sustained. We proceed, therefore, to determine such question. It is this: The court instructed the jury that "negligence is defined as want of ordinary care; and may be evidenced   *   *   *   in various ways," such as "the employment of unskillful or careless engineer and fireman;   *   *   *   and if you find from the evidence that the defendant ' carelessly and negligently managed its road' in this respect, and that by

reason of such negligence a fire was set out, the defendant is liable." Without doubt, we think the court instructed the jury that if they found the engineer and fireman were unskillful, and that by reason thereof the fire was set out, then the plaintiff was entitled to recover, and it is contended by counsel for the appellant that there is no such issue, and, if there was, there is no evidence tending to establish such fact. There is no allegation in the petition that the " engineer and fireman " were unskillful. There is, however, this allegation: that the defendant permitted the engine to be out of " repair, and carelessly and negligently used." At most, this may amount to a charge that the engineer and fireman were negligent, and this is materially different from an allegation that they were unskillful or incompetent. Under the issue, the burden was on the defendant to show that the engineer and fireman were not negligent or careless. But, as will be observed, the court submitted to the jury the question whether the engineer and fireman were unskillful. That is inconsistent, and we feel constrained to say that there was no such issue, and therefore the judgment of the district court must be

REVERSED.

BECK, J, (*dissenting.*)—In my opinion, the allegation in the petition to the effect that the engine of the defendant which set out the fire was permitted by defendant to be carelessly and negligently used, could be rightly supported by proof of the want of skill of the engineer operating it. The negligence of defendant in the use of the engine may be inferred from the fact that an unskillful engineer was employed to operate it. The court below, therefore, rightly directed the jury to inquire as to the skill of the engineer. I think the judgment of the court below ought to be affirmed