## BULLISS v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Evidence:** CROSS-EXAMINATION. The defendant cannot establish his defense by the cross-examination of plaintiff's witnesses as to matters not raised by their examination in chief. (See opinion for illustration.)

2. ——: WEIGHT OF: QUESTION FOR JURY. In an action by plaintiff for the destruction of her hay, her husband testified that he put up the hay, and one stack of it for " himself individually." *Held* that a finding of the jury that all the hay belonged to plaintiff was not necessarily against the weight of the evidence, as it was their duty to consider the whole of the evidence, and not that of the husband alone.

3. **Trespass:** WHAT IS NOT: HAY MADE ON ANOTHER'S LAND. One who enters upon land under a mere parol license, and expends labor in making hay thereon, is not a trespasser, but is entitled to recover for the destruction of the hay. (Compare *Murphy v. Sioux City & Pac. Ry. Co.*, 55 Iowa, 473.)

4. **Negligence:** PLEADING AND EVIDENCE: INSTRUCTIONS. Where the petition charged that defendant negligently, by means of fire from its locomotive engine, set out the fire which did the damage complained of, and no motion was made for a more specific statement as to the negligence, *held* that the court was authorized and required to submit to the jury any and all questions as to negligence which the evidence tended to establish. (*Babcock v. Chicago & N. W. Ry. Co.*, 72 Iowa, 197, *distinguished*.)

*Appeal from Hancock District Court.*—HON. J. B. CLELAND, Judge.

FILED, SEPTEMBER 8, 1888.

ACTION to recover damages caused by fire set out by an engine on defendant's road. Trial by jury. Verdict and judgment for plaintiff, and the defendant appeals.

*Geo. E. Clarke*, for appellant.

*R. J. W. Bloom*, for appellee.

SEEVERS, C. J.—I. The plaintiff is a married woman, and her husband was a witness in her behalf, and gave evidence tending to show, as the plaintiff claims, that she owned the hay that was burned; and on cross-examination, that he had put up all the hay, and one stack for himself indi-vidually; that he worked for the plaintiff, and received therefor his board, clothes and spending money. Thereupon the defendant sought to show by the witness, in substance, the terms and conditions of the contract between him and his wife. Objections to the questions asked were made and sustained, and in so doing the defendant insists that the court erred. The defendant pleaded that the plaintiff was not the owner of the property destroyed, and was not the real party in interest. The object of the proposed evidence was to establish this issue. We are of the opinion that this could not be done, on cross-examination of the plaintiff's witness, to any greater extent than was allowed. Of course it was competent for the defendant to establish such fact by the introduction of evidence in its own behalf, but not, we think, in the manner attempted.

*1. EVIDENCE: cross-examination.*

II. It is urged that, because the plaintiff's husband testified on cross-examination that he put up one stack of hay for "himself individually," and as the jury found all the hay belonged to the plaintiff, it necessarily follows that the verdict is against the weight of the evidence; but we do not think this is so. It was for the jury upon the whole evidence to say to whom the hay or any portion of it belonged, and we are unable to say that the verdict is not sufficiently supported thereby.

*2. ——: weight of: question for jury.*

III. The land upon which the grass was grown and the hay cut did not belong to the plaintiff, but was the property of Mrs. Ellen A. Ives. Brockway & Elder, acting as her agents, in writing authorized the plaintiff to enter upon the land for the purpose of making hay.

*3. TRESPASS: what is not: hay made on another's land.*

Another person, claiming to act for Mrs. Ives, authorized Brockway & Elder to make the arrangement, but there was no evidence introduced tending to show that he had authority in writing from Mrs. Ives to so act. But there was evidence tending to show that Mrs. Ives ratified and confirmed what Brockway & Elder did. We are therefore of the opinion that the plaintiff was not a trespasser, but entered into possession under at least a parol license, and, having expended labor in making the hay, she is entitled to recover, under the ruling in *Murphy v. Sioux City & Pac. Ry. Co.*, 55 Iowa, 473.

IV. The petition states that the defendant negligently, by means of fire from its locomotive engine, set out the fire ; and the court instructed the jury, in substance, that if the employes of the defendant in charge of the engine were competent and skilful, and the engine was properly operated, and the engine was properly equipped, their verdict should be for the defendant. It is urged that there was no charge in the petition that the employes of the defendant were unskilful, and therefore it was improper to submit to the jury the question as to their skilfulness. It will be observed that the negligence stated in the petition is exceedingly general. No particular negligence is stated, and therefore it was competent for the plaintiff to prove any kind of negligence caused by the operation of the engine, whether by the employes or otherwise. Possibly the defendant could, by motion, have compelled the plaintiff to state with greater particularity the negligence relied on, but the statement in the petition authorized and required the court to submit to the jury any and all questions the evidence tended to establish. This is, we think, a clear distinction between

*4. NEGLIGENCE: pleading and evidence : instructions.*

this case and *Babcock v. Chicago & N. W. Ry. Co.*, 72 Iowa, 197, because the statements of negligence in the petition in the latter case are materially different.

AFFIRMED.