John Connors v. The Chicago & Northwestern Railway Company, Appellant.

**Railroads:** "OPERATION OF RAILROAD" DEFINED: *Setting out fire.* A fire set by section men in burning the grass along a railroad right-of-way is not set out in or caused by operating a railway, and, therefore, in an action for damages sustained from allowing said fire to escape, the burden is not cast on the defendant to show its freedom from negligence in allowing the fire to escape and in failing to put it out, under Code 1873, section 1289, providing that, in an action for-damages from a fire set out or caused by the operating of any railway, it shall only be necessary for plaintiff to prove injury to, or the destruction of, his property.

*Appeal from Kossuth District Court.*—Hon. F. H. Helsell, Judge.

Tuesday, May 15, 1900.

Action for damages occasioned by a fire alleged to have been set out and negligently permitted to escape by defendant's employes when burning weeds and grass along its right of way. Verdict and judgment for the plaintiff, and the defendant appeals.— *Reversed.*

*Hubbard, Dawley & Wheeler* for appellant.

*Clark & Cohenour* and *F. M. Miles* for appellee.

Ladd, J.—The fire which destroyed the plaintiff's hay and injured his slough originated from a fire set out by the defendant's sectionmen in burning the grass and weeds along its right of way,·or else from a sinder pile dumped from a thresher engine previously operated on the premises. In either event, recovery could only be had from the party at fault on an affirmative showing of negligence. This is conceded, unless it may be said that the fire was "set out or caused by operating" the defendant's railway. See *Gandy v. Railroad Co.,* 30 Iowa, 420. If so done, then, under section 1289 of the Code of 1873, the burden of proof was upon the defendant to show the exercise of care on the part of its employes. *Small v. Railway Co.,* 50 Iowa, 338; *Rose v. Railway Co.,* 72 Iowa, 625; *Engle v. Railway Co.,* 77 Iowa, 666; *Metzgar v. Railway Co.,* 76 Iowa, 387. The important inquiry, then, is, what is meant by "operating a railway?" In none of the cases heretofore determined has the application of the statute gone beyond a fire set out or caused by an engine on the track. But under the co-employes' act (Code, section 2071), allowing recovery by an employe injured by negligence "in any manner connected with the use and operation of any railway on, or about which they shall be em-

ployed," the clause "use and operation of any railway" has been frequently considered and defined. Thus, in *Stroble v. Railway Co.*, 70 Iowa, 560, the court, through Beck, J., said: "What is the use and operation of a railway? It is constructed for the sole purpose of the movement of trains. That is its sole use. What is the operation of a railway? They can be operated in no other way than by the movement of trains." In *Nelson v. Railway Co.*, 73 Iowa, 576, the movement of steam ditching machines, and in *Larson v. Railway Co.*, 91 Iowa, 81, that of a hand car, were held to be operating a railway. In *Akeson v. Railway Co.*, 106 Iowa, 64, after reviewing the authorities, the court concluded that: "The only dangers peculiar to railroading are those occasioned by the movement of the engines, cars, and machinery on the track, or directly connected therewith. It is evident that the statute contemplates such injuries only as are caused by the negligent acts of employes so engaged. In no other proper sense is a railway used and operated. * * * If, then, the injury is received by the employe whose work exposes him to the hazards of moving trains, cars, engines, or machinery on the track, and is caused by the negligence of a co-employe in the actual movement thereof, or in any manner directly connected therewith, the statute applies, and recovery may be had. Beyond this the statute affords no protection." Appellee relies somewhat on the language employed in *Haden v. Railway Co.*, 92 Iowa, 229. There the employe whose negligence caused the injury was conceded to be engaged in the use and operation of a railroad, as it was occasioned by the movement of a train in his charge. The inquiry made in the second paragraph of that opinion related to the exposure of plaintiff to the peculiar hazards of railroading, and what was said must be construed with reference to that subject. Haden was held to have been so exposed, 'and, having been found to belong to this class, it was quite immaterial whether he was also connected with the use and operation of the road. It may be remarked, however, that an employe, "in keeping in

repair the track of a railroad for the present operation of its trains," while he may be exposed to the hazards, is not engaged "in the business of operating a railroad." Such work is undoubtedly necessary therefor, but not in any way connected therewith. We are content with the conclusion reached in *Akeson's Case*—that a railroad is only operated, within the meaning of the law, by "moving trains, cars, engines, or machinery on the track." The same definition is peculiarly applicable to the clause "operating any such railway," contained in the statute relating to fires. Locomotives, trains, or machinery passing along the tracks are entirely within the control of the company, and are usually beyond easy reach before the damages caused by escaping sparks or fire can be known. To obviate the all but insurmountable obstacles in the way of the injured party adducing affirmative proof of its negligence in order to recover, this statute, casting the burden of proving care on the railway, was enacted. It is limited to a situation, however, peculiar to railroads (i. e. their operation); otherwise, it might fall beneath the denunciation of the constitution, as class legislation. For discrimination by the legislature must rest upon some apparent natural reason, "suggested by a difference in situation and circumstances of the subjects placed in different classes, as suggests the necessity or propriety of different legislation with respect to them." The evidence is quite as available in the case of a fire set out by the sectionmen on the right of way as when started by a neighboring farmer or other person, and we can think of no reason for applying a rule in the one case which does not obtain with equal propriety in the other. See 3 Elliott, Railroads, section 1242. It follows that the court erred in directing the jury that, if the damages were caused by fire set out by defendant's sectionmen on the right of way, the plaintiff had made a *prima facie* case, and that thereupon the burden was on the defendant to show its freedom from negligence in allowing the fire to escape, and in failing to put it out.—REVERSED.