## RELIANCE INS CO v POHLKING

Ohio Appeals, 1st Dist, Hamilton Co

No 5490. Decided June 27, 1938

Dolle, O'Donnell & Cash, Cincinnati, for appellee.

Kenneth P. Mooter, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

The parties waived their right to a trial by jury and submitted the issues, both of law and fact to the court of Common Pleas of Hamilton county, in which the action was instituted. That court found the issues in favor of the plaintiff and rendered judgment for it for the amount of its claim. It is from that judgment that this appeal is brought to this court by the defendant.

The facts are that Lenore Hayes McCash, who owned a frame residence, entered into a contract with the defendant whereby he agreed to paint the house for a stipulated amount, and as preliminary to the application of the new paint, to burn off the old paint from certain parts of the house for 90 cents per hour. The defendant was an independent contractor, with full authority to determine the mode and manner of doing the work. He chose to use a blow torch by which a flame of fire was thrown against the paint of the building until it was softened by the heat so that it could be scraped off easily. The danger of igniting the wood was recognized by the defendant, and he testified to precautions taken by him to avoid that danger. Notwithstanding these precautions, the fire was communicated to the wood between the weatherboarding and the studding which was discovered while the defendant and his employees were still at work on the same day, and the fire was promptly extinguished but not before substantial damage had been done.

The plaintiff having paid the owner for the loss under the terms of its insurance policy on the building has by the terms of the policy succeeded to the owner's rights against the defendant.

It is claimed that there is no evidence that the fire was started by the blow torch. The evidence shows that the defendant had exclusive control of the blow torch, that it was directed by his agents directly against the weatherboarding, where the fire occurred, and that this fire was discovered there almost immediately thereafter. In the absence of some evidence accounting for this fire in some other way, we think this is sufficient circumstantial evidence that the fire was started by the defendant through the medium of the blow torch.

It is contended next that there is no evidence that the action of the defendant was negligent and that there can be no recovery in the absence of proof of negligence.

As we have already stated, the defendant was conscious of the presence of a fire hazard. He testified to the precautions taken by him in the light of this knowledge. It is manifest that the precautions taken were not sufficient. The flame from the torch operated by him broke through the barriers erected by him and started this fire. He either applied the torch too long, considering the intensity of the flame, or failed to sufficiently cover the exposed parts of the wood. In either event, the trier of the facts would be justified in concluding that he had failed to exercise that skill and foresight that he had held himself out as possessing and that, therefore, he had been negligent to the damage of the person with whom he had contracted as possessing the requisite care and skill.

The case, as we view it, is one in which the cause of action is proven by circumstantial evidence without requiring piling inference upon inference.

We find no error, prejudicial to the appellant.

The judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.