OKMULGEE SUPPLY CORPORATION
v. HALL.

No. 31370. May 15, 1945.

Rehearing Denied June 5, 1945.

*158 P. 2d 1014.*

Swank & Swank, Stillwater, and Carland E. Smith, of Okmulgee, for plaintiff in error.

Walter Mathews, of Cushing, for defendant in error.

RILEY, J. This is an appeal by Okmulgee Supply Corporation from a judgment, based on a jury's verdict, rendered against it and in favor of W. E. Hall, in an action for damages arising from the destruction of a house by fire.

The evidence established that W. E. Hall owned a farm in Payne county. It was leased and operated for oil and gas by the Mid-Continent Petroleum Company. On April 1, 1941, the petroleum company ceased operations on the lease and sold certain materials to the Supply Corporation. The Supply Corporation made use of a lease house, constructed by the petroleum company, to house two of its employees and to store therein materials it had purchased. The Supply Corporation arranged for the use of a stove in the house. The employees, in the course of employment, acted as night watchmen. On April 9, 1941, W. E. Hall visited his farm, observed that the house was occupied by defendant's employees, and made no objection. On that day, he purchased the house. On April 10, 1941, the employees of defendant built a fire in a stove in the house and left at about 11:30 a. m. When they returned at 1:30 p. m., the house was burned to the ground. The plaintiff testified that he had not given defendant or the defendant's employees permission to use the house.

The defendant moved for a directed verdict, objected to the instructions of the court, perfected its appeal, and contends that the evidence is insufficient to sustain the judgment.

Liability of the defendant, if any, arose by reason of a negligence of its employees in failure and neglect to safeguard the house from the fire they had kindled in the stove. The origin of the fire that destroyed the house must be established by reasonable certainty. Minnehoma Oil & Gas Co. v. Johnson, 139 Okla. 284, 282 P. 303. The requirement may be satisfied by circumstantial evidence. Wichita Falls & N. W. Ry. Co. v. Arnold, 56 Okla. 352, 156 P. 296. The circumstantial evidence to be relied upon need not exclude every other reasonable hypothesis, especially so where, as here, no other intervening cause for the destruction of the house by fire is shown. Midland Valley R. Co. v. Taylor, 85 Okla. 95, 204 P. 1102.

In the case of Shafer v. Lacock et al., 168 Pa. 497, 32 Atl. 44, where workmen of the defendant had possession and made use of a fire pot in connection with repairs of a house, it was held proper to charge that if the house caught fire from the fire pot, the presumption was that it was through the negligence of the workmen.

In Loftus v. Taylor Corn Mill Co., 91 Kan. 856, 139 P. 480, where defendant was in possession of the mill destroyed by fire of unknown origin, it was held that: "There is a direct causal connection between failure to care for the safety of the building and its loss in the manner indicated," and that "notwithstanding the want of evidence indicating the particular manner in which the fire originated, we think the circumstances warranted the finding of the jury that it was due to the negligence of the mill company."

In Williams v. Board of Com'rs of Kearny County, 61 Kan. 708, 60 P. 1046, a landlord was permitted to recover from a tenant the value of a building destroyed by fire, on the ground that reasonable precautions on the part of the latter would have prevented its destruction.

In both cited cases, there was failure to show how the fire originated. In the latter case, it was said that the relation

of landlord and tenant "begat the obligation to care for the leased premises with ordinary prudence and carefulness, and begat the obligation to respond in damages for their negligent destruction."

Where, as here, the house, the materials therein stored, and the stove containing fire are shown to be under the management of defendant or its employees, and the injury and damage are such as in the ordinary course of things does not happen if those who have its management or control, use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the injury and damage arose from want of care so that the occurrence of the fire, under the circumstances set forth, raises a presumption and permits an inference that those in possession were guilty of negligence. Muskogee Elec. Traction Co. v. McIntire, 37 Okla. 684, 133 P. 213, L.R.A. 1916C, 351.

Error is urged by reason of instructions based upon the theory that defendants were trespassers. While the plaintiff testified he did not consent to occupancy of the house by defendant's employees, as a result of the inspection, he was aware of their presence and acquiesced by his silence. However, the instructions so given advised that if the defendant established by circumstances that it was more probable that the house was destroyed by some cause or means beyond its control, or otherwise than by the negligence of its employees, the defendant would be absolved from liability. As we view the instructions, they were equally applicable to the character of possession under which defendant exercised control and management at the time of the fire, and we find no reversible error committed.

Affirmed.

HURST, V.C.J., and WELCH, CORN, and DAVISON, JJ., concur. GIBSON, C. J., and OSBORN and BAYLESS, JJ., dissent.