JOHN ROOFF & SONS, INC., an Iowa corporation, appellee, v. RALPH F. WINTERBOTTOM, d/b/a HEATING & COOLING SUPPLY COMPANY, appellant.

No. 49203.

(Reported in 86 N.W.2d 131)

124

NOVEMBER 12, 1957.

Kennedy, Kepford, Kelsen & Balch, of Waterloo, for appellant.

Pike, Sias, Butler & Hoxie and Swisher, Cohrt & Swisher, all of Waterloo, for appellee.

GARFIELD, J.—Plaintiff sued defendant at law upon an account stated for the balance owing plaintiff for labor and mate-

rial furnished defendant in the construction of a building and other improvements. The correctness of plaintiff's claim is conceded. Defendant pleaded in his answer a setoff and, in two counts, a counterclaim for negligently causing the destruction by fire of a building owned by him. For practical purposes the setoff pleaded in the answer and the cause asserted in count 1 of the counterclaim are the same and may be so considered. In count 2 of the counterclaim defendant relied upon the doctrine of res ipsa loquitur.

Plaintiff offered no evidence upon the trial. At the close of evidence for defendant the trial court directed a verdict against him on his setoff and counterclaim. From judgment thereon he has appealed.

I. Plaintiff's motion to dismiss the appeal based on the claim defendant's assignment of errors does not comply with rule 344, Rules of Civil Procedure, was ordered submitted with the appeal. It is true defendant's original brief does not literally comply with the rule. For one thing references to the page and line of the record as required by rule 344(a)(4)(First) are omitted. But defendant filed an amendment to his brief which fully complies with the rule. We have no difficulty in understanding defendant's complaints. Evidently plaintiff's counsel had no such difficulty since its brief, filed before its motion to dismiss was made, fully argues the matters on which defendant relies.

While careful compliance with our rules is the only safe course we think there was not such lack of compliance here as to warrant dismissal of the appeal. The motion to dismiss is therefore overruled. Our conclusion is fully supported by Agans v. General Mills, Inc., 242 Iowa 978, 980, 48 N.W.2d 242, 243; Carlson v. Bankers Trust Co., 242 Iowa 1207, 1210-11, 50 N.W. 2d 1, 3, 4; Hassebroch v. Weaver Construction Co., 246 Iowa 622, 624, 67 N.W.2d 549, 551.

In its brief on the motion plaintiff has cited two decisions filed since our Rules of Procedure took effect: Price v. McNeill, 237 Iowa 1120, 24 N.W.2d 464, and Patterson v. Wuestenberg, 239 Iowa 658, 32 N.W.2d 209. Both point out there was lack of compliance with our rules in certain respects but each appeal was considered on its merits.

II.   Plaintiff is engaged in general construction.   Defendant's business is heating and cooling.   Defendant had a warehouse about 40 by 60 feet in size built of corrugated metal. Twelve feet westerly from this building it had another warehouse built of concrete blocks.   Defendant orally engaged plaintiff to roof over this space between the two buildings.   Leo Rooff, superintendent in charge of the work for plaintiff, and five of its workmen commenced the job on June 24, 1955.   To provide places to anchor supports for the new roof one of plaintiff's men with an electric torch cut at least five holes in the top of the corrugated siding of the metal building, just below the roof. While this torch was being so used fire broke out which virtually destroyed the building and seriously damaged its contents.   Defendant claims plaintiff's men negligently caused the fire.

Defendant's answer and each count of his counterclaim allege "employees of plaintiff so * * * negligently operated an electric cutting or welding torch as to cause said building * * * to catch fire * * *."   As stated, count 2 of the counterclaim also asserts defendant relies upon the doctrine of res ipsa loquitur. The trial court held there was insufficient proof to support the above allegation of negligence and, on the res ipsa issue, there was insufficient evidence of the foundation facts which give rise to the doctrine.   We are unable to agree with either conclusion.

Of course it is our duty to consider the evidence in the light most favorable to defendant.   Jasper v. Chicago G. W. Ry. Co., 248 Iowa 1286, 1289, 84 N.W.2d 21, 23, and citation.

The evidence as to the cause of the fire is largely circumstantial.   We are committed to the rule that in such cases the evidence must be such as to make plaintiff's (defendant's here) theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence.   It is not necessary for the testimony to be so clear as to exclude every other possible theory.   Roller v. Independent Silo Co., 242 Iowa 1277, 1285, 49 N.W.2d 838, 843, and citations; Soreide v. Vilas & Co., 247 Iowa 1139, 1143, 78 N.W.2d 41, 43, 44, and citations.

Plaintiff argues that a finding it is liable for the fire could only be made by raising an inference on an inference.   The fal-

lacy of such an argument is pointed out in Soreide v. Vilas & Co., supra, and authorities cited at page 1144 of 247 Iowa, page 44 of 78 N.W.2d.

■ III. Since there was no attack upon defendant's pleadings all legal intendments are to be liberally indulged in support of them. Pixler v. Clemens, 195 Iowa 529, 533, 191 N.W. 375; Watson v. Des Moines R. Co., 217 Iowa 1194, 1199, 251 N.W. 31. See also 71 C. J. S., Pleading, section 69b(1)(b), pages 179, 180; 41 Am. Jur., Pleading, section 67.

The question is argued whether the above quoted allegation in defendant's pleadings charges general negligence, as defendant asserts, or specific negligence, as plaintiff maintains. We find it unnecessary to decide the question. In determining the sufficiency of the evidence in support of count 1 of the counterclaim it may be assumed defendant has charged a specific act of negligence, as plaintiff argues. We will say now, however (perhaps out of its logical order), the directed verdict against defendant on count 2 of his counterclaim, which invoked the res ipsa doctrine, cannot be upheld here on the ground that defendant pleaded specific, not general, negligence.

■ We have held many times that a litigant who pleads only specific negligence may not invoke the doctrine of res ipsa loquitur. See Orr v. Des Moines Elec. L. Co., 207 Iowa 1149, 1158, 222 N.W. 560; Sutcliffe v. Fort Dodge G. & E. Co., 218 Iowa 1386, 1393-4, 257 N.W. 406; Pearson v. Butts, 224 Iowa 376, 379, 276 N.W. 65; Shettler v. Farmers L. & P. Co., 233 Iowa 1243, 1246, 11 N.W.2d 394, 396, and citations.

■ ■ Plaintiff urged six grounds in support of its motion to direct a verdict against defendant on count 2 of his counterclaim. None of them asserts that defendant pleaded specific negligence. We are committed to the rule that a directed verdict will not be upheld on a ground not asserted in the trial court. Stickleman v. Synhorst, 243 Iowa 872, 876, 52 N.W.2d 504, 507. See also Gross v. Hocker, 243 Iowa 291, 296, 51 N.W.2d 466, 468, 469, and citations; American M. L. Ins. Co. v. State A. I. Assn., 246 Iowa 1294, 1303, 72 N.W.2d 88, 93. We may therefore properly assume the allegations of count 2 of defendant's counterclaim are sufficient to invoke the res ipsa doctrine.

IV. In considering whether there is evidence to support the allegation of negligence in count 1 of the counterclaim it is proper to consider the circumstances under which plaintiff's workmen operated the electric torch. The authorities agree that in determining whether there is negligence in a particular case the circumstances of that case are to be considered. Perhaps the most common definition of negligence is failure to exercise the care of an ordinarily prudent person under the circumstances. It may be conceded that if plaintiff had been using this torch under different circumstances—say in a vacant, fireproof building—it would not have been negligent in so doing. But it does not follow it was not negligent in using its torch on this building under the circumstances shown by the evidence.

The building which burned was only partly enclosed. It was entirely open at one end and there was a large open space on another side. It had only a dirt floor. There were clumps of dry grass in cracks of the concrete footing. Large quantities of inflammable, fiber pipe known as Orangeburg were stored in the warehouse. There were three piles of this—one 2½ to 3 feet from the westerly end, another near the opposite end, and the third near the center. There were also cardboard cartons of merchandise.

Leo Rooff inspected the inside of the building before work commenced. Some cardboard cartons were moved back from near the wall where the cutting was to be done. Plaintiff's men brought a fire extinguisher with them but left it in a truck across the street rather than where it would be readily available. Nor was water immediately at hand. The man who operated the torch wore a helmet and special gloves of rubber and leather.

Soon after use of the torch began, in cutting the first or second hole, the operator set fire to a bird's nest underneath the roof. He put out that fire with his gloved hand but continued to cut more holes with the torch without first taking further precautions such as to obtain the fire extinguisher or water for immediate use. Leo Rooff went to defendant's office, 15 to 20 feet south of the building in question, to ask if defendant had a fire extinguisher. When told defendant had none, Rooff obtained a pail of water to use if another fire should break out. While returning from the office with this water Rooff observed the fire

which destroyed the building. He soon returned to defendant's office, said *"We have a grass fire"* and asked an employee of defendant to call the fire department. Between the time the bird's nest caught fire and the start of the destructive fire three or four holes were cut in the metal siding. It took about one to two minutes to cut each hole.

The fire started in the westerly end of the building beneath where the torch had been operated. Leo Rooff, as defendant's witness, testified:

"Q. When the fire broke out you observed it on the west end? A. That's right.

"Q. Near the wall? A. Near the wall and at the bottom.

"Q. *At the top of that wall the cuts had been made or were being made?* A. *That is correct.* * * *

"Q. Plaintiff's employees were doing this exclusively—no one else was assisting you? A. That's right."

From the above testimony the finding is warranted that sparks from plaintiff's torch, soon after setting fire to the bird's nest, fell on dry grass and set fire to the building and contents. We think this creates a jury question as to whether the fire was caused by negligent operation of the torch under the circumstances. This conclusion finds support in Moyers v. Sears-Roebuck & Co., 242 Iowa 1038, 48 N.W.2d 881; Roller v. Independent Silo Co., supra, 242 Iowa 1277, 49 N.W.2d 838; Ruth v. O'Neill, 245 Iowa 1158, 66 N.W.2d 44, all recent fire cases.

■■■ The Moyers opinion (at page 1046 of 242 Iowa, page 885 of 48 N.W.2d) approves this statement from Brownfield v. Chicago, R. I. & P. R. Co., 107 Iowa 254, 258, 77 N.W. 1038, 1039 : " 'When a cause is shown which might produce an accident in a certain way, and an accident happens in that manner, it is a warrantable presumption, in the absence of showing of other cause, that the one known was the operative agency in bringing about the result.' " Several other decisions supporting this rule include Hall v. Chicago, R. I. & P. R. Co., 199 Iowa 607, 621, 199 N.W. 491, and citations.

■■■ The record suggests no cause of this fire other than use of the torch. The only other cause plaintiff suggests in argument, wholly without evidential support, is that some stranger or one of defendant's employees may have set fire to the grass

inside the building. We have repeatedly rejected similar sugges-
tions. As previously stated it is not necessary that the evi-
dence be so clear as to exclude every suggested or possible cause
of the fire. If a litigant were required to negative every possi-
bility that would relieve his adversary of liability it would be
practically impossible to make a case of negligence for a jury.
Shinofield v. Curtis, 245 Iowa 1352, 1359, 66 N.W.2d 465, 469,
50 A. L. R.2d 964, and citations. See also Moyers v. Sears-Roe-
buck & Co., supra, 242 Iowa 1038, 1045, 48 N.W.2d 881, 885;
Roller v. Independent Silo Co., supra, 242 Iowa 1277, 1285, 49
N.W.2d 838, 842, 843, and citations; Ruth v. O'Neill, supra, 245
Iowa 1158, 1170, 66 N.W.2d 44, 51.

In the Moyers case it was suggested the fire could have been
caused by spontaneous combustion, matches or defective wiring.
In the Roller case defendant suggested in argument that rats
may have gnawed the insulation from the electric wires where
the fire started. The suggestion in Ruth v. O'Neill was that the
explosion and fire may have come from plaintiffs' bottled gas
rather than from the gasoline defendants were delivering.

In the Roller case, supra, plaintiff's barn was destroyed by
fire which the jury could find started close to the electric wiring
at one end of the building. In erecting a silo defendant's men
had struck the cable containing the wires. We reversed a judg-
ment on directed verdict for defendant, saying at pages 1282–83
of 242 Iowa, page 841 of 49 N.W.2d: "While there was no one
who could positively say that the cable as it entered the conduit
had been damaged, yet we think that such result might prop-
erly be inferred. We hold that on such matter there was a
jury question."

The Ruth case, supra, where the evidence was circumstantial,
says at page 1173 of 245 Iowa, pages 52, 53 of 66 N.W.2d, it is
"sufficient if 'the proven facts and circumstances are such as to
justify a reasonable inference that the negligence of the appel-
lant was the proximate cause of the injury. This is all that
the law requires.' " Woodward v. Chicago, R. I. & P. R. Co., 193
Iowa 516, 526, 185 N.W. 978, 982, is cited as authority for the
quotation.

Decisions from other jurisdictions which support our con-

clusion that defendant's count 1 should have been submitted to the jury include:

Lawrence Warehouse Co. v. Defense Supplies Corp., 9 Cir., 164 F.2d 773 (Finding of negligence in use of an acetylene torch justified where reasonable precautions were not taken against the hazards of its use).

United States v. Todd Engineering D. D. & R. Co., D. C. La., 53 F.2d 1025 (Fire caused by use of acetylene torch without taking reasonable safeguards against danger).

Bartley Scow Corp. v. Petrie & Son, Inc., 2 Cir., 37 F.2d 58.

International M. M. S. S. Co. v. W. & A. Fletcher Co., 2 Cir., 296 F. 855, certiorari denied 264 U. S. 597, 44 S. Ct. 454, 68 L. Ed. 868 (Fire caused by blowtorch used too close to varnish remover and waste material).

Nebraska Underwriters Ins. Co. v. Fouke, 90 Ark. 247, 119 S.W. 261 (The jury should have been permitted to find it was negligent to use a blowtorch in removing paint on a windy day).

Turner v. Reynolds, 271 App. Div. 413, 414, 66 N. Y. S.2d 339, 340 (Fire from an acetylene torch. "The application of the torch, the appearance of smoke and the starting of the fire were so closely consecutive that the contention of failure of proof of causal relation is not impressive.").

Phoenix Ins. Co. v. Cook, 93 Ohio App. 503, 113 N.E.2d 925 (Finding of negligence in use of soldering torch warranted).

Reliance Ins. Co. v. Pohlking, 60 Ohio App. 156, 19 N.E.2d 906 (Fire caused by blowtorch in removing paint).

Martin v. McCrary, 115 Tenn. 316, 89 S.W. 324, 1 L. R. A., N. S., 530 (Fire caused by sparks from engine of a steam thresher).

This from Reliance Insurance Co. v. Pohlking, supra, at page 157 of 60 Ohio App., page 906 of 19 N.E.2d, is typical of what is said in several of the precedents just cited: "It is claimed that there is no evidence that the fire was started by the blowtorch. The evidence shows that the defendant had exclusive control of the blowtorch, that it was directed by his agents directly against the weatherboarding, where the fire occurred, and that this fire was discovered there almost immediately thereafter. In the absence of some evidence accounting for this fire in some other

way, we think this is sufficient circumstantial evidence that the fire was started by the defendant through the medium of the blowtorch."

The Reliance opinion goes on to hold there was sufficient circumstantial evidence of negligence in use of the torch in view of defendant's consciousness of a fire hazard therefrom and lack of adequate precautions. Here there is clear evidence plaintiff's superintendent was aware of the fire hazard in using this torch and its workmen failed to take sufficient safeguards against it.

V. The doctrine of res ipsa loquitur is that where injury occurs by an instrumentality under the exclusive control of defendant (plaintiff here) and the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used, the happening of the injury permits but does not compel an inference that defendant (plaintiff here) was negligent. Eaves v. City of Ottumwa, 240 Iowa 956, 969, 38 N.W.2d 761, 769, 11 A. L. R.2d 1164, 1176, and citations; Dodge v. McFall, 242 Iowa 12, 14, 45 N.W.2d 501, 502; Shinofield v. Curtis, supra, 245 Iowa 1352, 1360, 66 N.W.2d 465, 470, 50 A. L. R.2d 964; Brown v. Sioux Bldg. Corp., 248 Iowa 948, 951, 83 N.W.2d 471, 473.

The great majority of recent decisions take the view that the doctrine merely warrants an inference of negligence and does not create a presumption thereof so as to compel a finding of negligence in the absence of explanation by defendant. Annotation 167 A. L. R. 658, 665–667.

That there was evidence of negligence under defendant's count 1 sufficient for submission to the jury did not deprive defendant of the right to have submitted to the jury the res ipsa doctrine under count 2 provided such doctrine is properly applicable to the case. Eaves v. City of Ottumwa, supra, at pages 967, 968 of 240 Iowa, page 769 of 38 N.W.2d; Shinofield v. Curtis, supra, at page 1360 of 245 Iowa, page 470 of 66 N.W.2d; Freitas v. Peerless Stages, 108 Cal. App.2d 749, 239 P.2d 671, 33 A. L. R. 2d 778, 785, and annotations 791, 805, 806, 832, 833; Montgomery Ward & Co. v. Scharrenbeck, Tex. Civ. App., 199 S.W.2d 830, 837–40, affirmed 146 Tex. 153, 204 S.W.2d 508.

It is of course true that the mere occurrence of a fire is insufficient to permit an inference of negligence under the res

ipsa doctrine. Courts recognize that many fires occur without negligence on the part of anyone. It is also true that to entitle a litigant to the benefit of the res ipsa doctrine he must establish the way the injury occurred as well as his adversary's control of the instrumentalities involved. See in support of these views Dodge v. McFall, supra, 242 Iowa 12, 45 N.W.2d 501, and citations.

■ Since, as we have held, the evidence justifies the finding the torch caused the fire, defendant was entitled to go to the jury on the issue of res ipsa loquitur. Concededly plaintiff was in complete control of the torch. The jury could find plaintiff was also in control of the building at the time of the fire. Defendant was not present on the premises and no employee of his was in the building after the cardboard cartons were moved back from the westerly wall, before the torch was used on it. This fire was such an occurrence as ordinarily would not happen if reasonable care had been used. The burden was therefore on plaintiff of going forward with the evidence to rebut the inference it was negligent in causing the fire.

Decisions which support our holding in this division include: Gailbreath v. Homestead Fire Ins. Co., 9 Cir., 185 F.2d 361; McClure v. Hoopeston Gas & Elec. Co., 303 Ill. 89, 135 N.E. 43, 25 A. L. R. 250, 261; Edmonds v. Heil, 333 Ill. App. 497, 77 N.E.2d 863; Oakdale Bldg. Corp. v. Smithereen Co., 322 Ill. App. 222, 54 N.E.2d 231, 233; Northwestern Mutual Fire Assn. v. Allain, 226 La. 788, 77 So.2d 395, 49 A. L. R.2d 362 (Fire caused by use of a blowtorch. In considering defendant's rebuttal of the inference of negligence the court recognized the need of having readily available means for extinguishing a fire which might break out); Okmulgee Supply Corp. v. Hall, 195 Okla. 481, 158 P.2d 1014; Montgomery Ward & Co. v. Scharrenbeck, supra, Tex. Civ. App., 199 S.W.2d 830, 837–40, affirmed 146 Tex. 153, 204 S.W.2d 508; Wright v. Valan, 130 W. Va. 466, 43 S.E.2d 364, 369.

See also Shafer v. Lacock, 168 Pa. 497, 32 A. 44, 29 L. R. A. 254 (Fire caused by sparks from a fire pot upon a roof), and Trostel v. Reading Steel Products Corp., 152 Pa. Super. 273, 31 A.2d 909 (Fire shown by circumstantial evidence to have come from an acetylene torch in cutting an I-beam), in which a rule

somewhat similar to res ipsa loquitur was applied—negligence was inferred from the circumstances surrounding the fire.

■■■■ For defendant to be entitled to invoke the res ipsa doctrine it was not necessary that there be direct proof of the way the fire occurred. This could be shown by circumstantial evidence. Of course the matter may not be left to mere speculation or conjecture. Such is the effect of our opinion in Whetstine v. Moravec, 228 Iowa 352, 291 N.W. 425, one of our leading precedents on the subject of res ipsa loquitur. See also Turner v. Hansen, 247 Iowa 669, 677, 678, 75 N.W.2d 341, 345, although not a res ipsa case.

Decisions in which the res ipsa doctrine was applied where evidence of the way the fire occurred was circumstantial include Gailbreath v. Homestead Fire Ins. Co., 9 Cir., 185 F.2d 361; McClure v. Hoopeston Gas & Elec. Co., 303 Ill. 89, 135 N.E. 43, 25 A. L. R. 250; Edmonds v. Heil, 333 Ill. App. 497, 77 N.E.2d 863, 870; Okmulgee Supply Corp. v. Hall, 195 Okla. 481, 158 P.2d 1014, all supra.

We observe, without committing ourselves thereto, the supreme court of Illinois said in the McClure case, supra, where the res ipsa doctrine was applied (at page 105 of 303 Ill., page 49 of 135 N.E., page 261 of 25 A. L. R.) : "The origin of a fire has generally been held sufficiently established by inferences drawn from slight circumstantial evidence."

Highland Golf Club v. Sinclair Ref. Co., D. C. Iowa (Judge Graven), 59 F. Supp. 911, cited by plaintiff, is not in point on its facts. There was insufficient proof in the cited case of the facts which give rise to the res ipsa doctrine. For one thing there was no evidence the fire started where the gasoline delivered by defendant was—it was impossible to state where the fire started.

VI. One ground on which plaintiff's motion for directed verdict was sustained is that there was no proof defendant was free from contributory negligence. It was clearly error to sustain this ground. Able counsel for plaintiff do not attempt to uphold the ruling on this ground.—Reversed and remanded.

BLISS, OLIVER, WENNERSTRUM, THOMPSON, and PETERSON, JJ., concur.

HAYS, C. J., and SMITH and LARSON, JJ., dissent.

HAYS, C. J.—I respectfully dissent.

Being a law action, this court is limited to the correction of errors in the trial court. Rule 334, R. C. P. The trial court directed a verdict as to defendant's pleaded setoff in his answer and dismissed his counterclaim which was stated in two counts. In the setoff and count 1 of the counterclaim the defendant pleaded as follows: "* * * while certain employees * * * of the plaintiff * * * were performing certain repair and construction work * * * said * * * employee * * * so carelessly and negligently operated an acetylene [electric] cutting or welding torch as to cause said building * * * to catch fire * * * and that as a direct and proximate result thereof this defendant suffered damage * * * [Italics mine]." Count 2 of the counterclaim contains the same statement with the additional statements: "* * * that by reason of the facts and circumstances * * * the plaintiff was not in the exercise of due care in the use and management of the said instrumentalities under his exclusive care and control * * *. That defendant * * * is relying upon the doctrine of res ipsa loquitur."

I. Error assigned as to the setoff and count 1 of the counterclaim is that general negligence was alleged and there is sufficient evidence to take such propositions to the jury. The trial court directed a verdict as to the setoff and dismissed count 1 on the basis of no showing of negligence in the manner as alleged therein.

The majority opinion states that while it need not be determined whether defendant pleaded general or specific negligence, it assumes a specific act of negligence is charged. As I read the opinion, after making such a statement, it literally casts it aside and considers the allegation of negligence to be general. It in effect says that defendant pleads plaintiff was negligent in the manner in which it performed the work of repair or construction, which it was employed to do.

The defendant's allegation of negligence is clear and unambiguous. It plainly alleges that plaintiff's employees so negligently operated the torch as to cause the fire. The word "operate" has various meanings according to the context, but generally

means, "to put into, or to continue in operation or activity; * * * to manage; * * * to work, as to operate a machine; to perform a work or labor." 67 C. J. S., page 502; Webster's International Dictionary. See also Miller v. Chicago & N. W. Ry. Co., 66 Iowa 364, 23 N.W. 756; Babcock v. Chicago & N. W. Ry. Co., 72 Iowa 197, 33 N.W. 628; Mears v. Chicago & N. W. Ry. Co., 103 Iowa 203, 72 N.W. 509; Connors v. Chicago & N. W. Ry. Co., 111 Iowa 384, 82 N.W. 953; Volquardsen v. Iowa Telephone Co., 148 Iowa 77, 126 N.W. 928, 28 L. R. A., N. S., 554; Haller v. Quaker Oats Co., 181 Iowa 389, 164 N.W. 863; State v. Erle, 210 Iowa 974, 232 N.W. 279, 72 A. L. R. 137. There can be little question as to the meaning of the word "operated" as pleaded above. "Context" means "a part of a discourse preceding or following a text, passage or word, or so intimately associated with it as to throw light upon its meaning." Webster's International Dictionary. By using the word "torch" after the word "operated" defendant clearly limits the charge of negligence to the manner in which plaintiff's employees managed or used the torch. Under it, defendant was privileged to show any act or acts of plaintiff's employees in the use or operation of the torch, i.e., such as, that it was carelessly handled; that the cutting flame was too high; that it emitted sparks; or any other happening that might show or tend to show that the torch was not operating in a proper manner, or, perhaps, that it was being operated by inexperienced or incompetent workmen. Scan the record as you will, there is not one scintilla of evidence in regard thereto. The record merely shows the torch was being used and that somewhere in the vicinity a fire started. It may have been due to negligence in the operation or use of the torch or it may not. It may not have been necessary for the defendant to pin point wherein plaintiff was negligent, but he did so and thus limited the grounds of inquiry to the negligence thus charged. See Volquardsen v. Iowa Telephone Co., 148 Iowa 77, 126 N.W. 928, 28 L. R. A., N. S., 554; Stone v. Chicago, R. I. & P. Ry. Co., 149 Iowa 240, 244, 128 N.W. 354; Thompson v. Chicago & N. W. Ry. Co., 158 Iowa 235, 238, 139 N.W. 557; Rauch v. Des Moines Elec. Co., 206 Iowa 309, 218 N.W. 340. To have submitted any other would constitute error. Jakeway v. Allen, 227 Iowa 1182, 290 N.W. 507.

The majority opinion says that in determining whether there is negligence in a particular case the circumstances of that case are to be considered and that the most common definition of negligence is "failure to exercise the care of an ordinarily prudent person under the circumstances." The opinion further states, "It may be conceded that if plaintiff had been using this torch under different circumstances—say in a vacant, fireproof building—it would not have been negligent in so doing. But it does not follow it was not negligent in using its torch on this building under the circumstances shown by the evidence." It then recites at considerable length the type of building, its contents and failure to have a fire extinguisher handy. What the opinion says is that the jury might find plaintiff was negligent in attempting to cut the holes by means of a torch, regardless of what the record may show as to the manner in which *the torch was operated.* The answer to that is defendant did not so plead. Moyers v. Sears-Roebuck & Co., 242 Iowa 1038, 48 N.W.2d 881; Roller v. Independent Silo Co., 242 Iowa 1277, 49 N.W.2d 838, and Ruth v. O'Neill, 245 Iowa 1158, 66 N.W.2d 44, are cited as authority for the majority view. In the Ruth case the negligence was clear and the real issue was causation. In the Roller case it is clear that the electric wires had been scraped in working on the silo and again causation was the issue, not negligence. The Sears case pleads general negligence in the installation of a furnace. The opinion also cites numerous cases from other jurisdictions but an examination thereof clearly shows such a different pleading and factual situation as to eliminate them as an authority here. In my opinion the trial court was correct as to the setoff and count 1 of the counterclaim.

II. The majority opinion also states that defendant was entitled to go to the jury under the res ipsa loquitur theory. I do not agree and think the trial court was correct.

The opinion rightly states that the mere occurrence of a fire does not permit an inference of negligence under the res ipsa doctrine and that he must establish the way the injury occurred as well as his adversary's control of the instrumentalities involved. It then says, "Since, as we have held, the evidence justifies the finding the torch caused the fire [referring no doubt to

Division IV of the opinion], defendant was entitled to go to the jury on the issue of res ipsa loquitur."

While the basic principle of the rule is well established, it is also well established that the absence of any of the foundation facts makes the rule inapplicable. Shinofield v. Curtis, 245 Iowa 1352, 66 N.W.2d 465, 50 A. L. R.2d 964. The first foundation fact is, "what *thing* caused the damage?" As is stated in Orr v. Des Moines Elec. L. Co., 207 Iowa 1149, 1155, 222 N.W. 560, 562: "It is only where the evidence shows the acts which produced the injury that the presumption of negligence can arise under this doctrine. That is to say, *until it is known what did occasion the injury*, it cannot be presumed that the defendant was guilty of some negligence which produced the injury." (Italics added.) In 65 C. J. S., Negligence, section 220(8)b, page 1010, it is said, "In order to invoke the doctrine of res ipsa loquitur, plaintiff must establish the thing that caused the injury." See also annotation 49 A. L. R.2d 368.

The majority opinion sets forth the record in the light most favorable to the defendant, and rightfully so. Taking the testimony set forth therein and all the rest as it appears in the record and in my opinion, there is not one word that will show the torch was the thing that caused the fire. In Dodge v. McFall, 242 Iowa 12, 14, 45 N.W.2d 501, 502, it is said, "No presumption of negligence arises from the mere fact of injury to the plaintiff, although it may arise from the nature of the cause or the manner of the injury." (Citing Cahill v. Illinois Cent. Ry. Co., 148 Iowa 241, 246, 125 N.W. 331, 28 L. R. A., N. S., 1121.) In the Cahill case, page 246, it gives two examples of what is meant by the statement, "from the nature of the cause or manner of the injury": (1) A trainman injured while in line of duty will not justify an inference of negligence on the part of the employer, but if it appear the injury was received in a collision between two trains of the same company moving in opposite directions on the same track, an inference of negligence does arise. (2) A workman in a mine is injured from the explosion of a blast— this alone will not entitle him to recover, but if he was entitled to a warning before the blast and none was given, a different rule prevails. I have found nothing in the record nor does the majority opinion point out anything that makes any exception to the

statement in the Dodge case that, "No presumption of negligence arises from the mere fact of [an] injury", and yet that is just what the majority opinion does: a building, a blowtorch used near the top of the wall in the south end, a fire starts at the bottom of the wall somewhere near the place where the torch is being used. Room for plenty of inference but it can only be inference that permits one to say the torch caused the fire.

Another foundation fact necessary if the rule is to apply is that the instrumentality causing the fire was in exclusive control of the plaintiff in the instant case.

The record shows that whatever work was done by plaintiff was confined to the outside of the warehouse. At the time the work was done defendant had an employee named Hoffman who was a general warehouse laborer. On the day in question he was in and about the building and just before the plaintiff commenced work he moved some cardboard cartons in the warehouse. Whether he left the building after moving the cartons does not appear and he was not called as a witness. It does not appear that plaintiff was in the exclusive control of the building during the cutting period. Under the rule announced in Highland Golf Club v. Sinclair Ref. Co., D. C. Iowa (Judge Graven), 59 F. Supp. 911, the rule does not apply.

I would affirm the judgment of the trial court.

SMITH and LARSON, JJ., join in this dissent.