STEPHEN J. PLENDL, d/b/a CENTRAL HARDWOOD AND FLOORING COMPANY, appellant, v. WILLIAM BEUTTLER, appellee.

## No. 50478.

NOVEMBER 14, 1961.

Hobson & Cady, of Hampton, for appellant.

Audley W. Johnson, of Sioux City, for appellee.

PETERSON, J.—This is an action for damages, alleging libel. On May 8, 1959, defendant wrote and mailed to a group of general contractors the following letter:

"To ALL GENERAL CONTRACTORS

RE: SCHOOL ADDN. & ALTS.
WHITING IOWA.

GENTLEMEN:

We have been advised that Mr. Steve Plendl, doing business as Central Hardwood Floor and Tile Co. of Geneva, Iowa has submitted a very low bid on the maple flooring on the above project.

Normally we do not inject ourselves into the controversy with subcontractors but we are definitely opposed to this particular company and will not approve them for this floor.

Our experience on every project with which this company has been connected through this office has been unsatisfactory. Controversies have arisen between the general contractors and this subcontractor and invariably floors laid by them seem to buckle and bulge and to be relaid. This is not a matter of personal bias but of experience; consequently our decision stands as above indicated.

Yours truly,

WILLIAM BEUTTLER."

On April 29, 1961, plaintiff filed petition alleging that defendant "maliciously wrote and caused to be published and distributed to general contractors, a letter containing malicious, false and defamatory statements concerning the plaintiff and plaintiff's business." Plaintiff claimed actual damages in that he was injured in his business and reputation; that he lost business and was deprived of a chance to bid on many contracting jobs. That he suffered direct loss of profits which would have otherwise accrued to him. He claimed actual damages in the amount of $25,000, and exemplary damages in the amount of $100,000.

Defendant filed motion to strike and to make more specific. As to paragraph 3 of plaintiff's petition, in which plaintiff alleged defendant maliciously wrote the letter, defendant claimed such part of the petition should be stricken because defendant stated in the letter "This is not a matter of personal bias but of experience; consequently our decision stands as above indicated." He also moved to strike that part of paragraph 5 which states "with actual malice toward plaintiff" etc., on the basis of the same clause. He also moved to strike all portions of plaintiff's petition wherein plaintiff alleged defendant acted with malice by reason of the clause.

Defendant also moved to make the petition more specific in outlining all details with reference to business loss, and listing the names of the general contractors to whom the letter was written.

On June 19, 1961, the District Court made the following ruling: "Under the rules, motion to strike and make more

specific deemed submitted without argument. Motion to strike and motion to make more specific sustained in toto."

Plaintiff was granted leave by this court to appeal from the interlocutory ruling of the trial court, in accordance with R. C. P. 332.

I. A general definition of libel is that it is a malicious publication, expressed either in printing or in writing, or by signs and pictures, tending to injure the reputation of another person or to expose him to public hatred, contempt, or ridicule or to injure him in the maintenance of his business. 53 C. J. S., Libel, section 1, page 32; 33 Am. Jur., Libel and Slander, section 3, page 38.

The statutory definition of libel in Iowa is as follows: Section "737.1 'Libel' defined. A libel is the malicious defamation of a person, made public by any printing, writing, sign, picture, representation, or effigy, tending to provoke him to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefits of public confidence and social intercourse; or any malicious defamation, made public as aforesaid, designed to blacken and vilify the memory of one who is dead, and tending to scandalize or provoke his surviving relatives or friends."

The above definition appears in the chapter on criminal libel, but we have held the same definition applies to civil libel. Shaw Cleaners & Dyers, Inc., v. Des Moines Dress Club, 215 Iowa 1130, 245 N.W. 231, 86 A. L. R. 839; Miller v. First National Bank of Gladbrook, 220 Iowa 1266, 264 N.W. 272.

Rule 96 provides: "A party intending to prove malice to affect damages, must aver the same."

Plaintiff followed this rule, but the court's order destroyed its effect.

Under such conditions malice is presumed. We said in Vial v. Larson, 132 Iowa 208, 209, 109 N.W. 1007: "Malice is presumed from the making by one person of derogatory statements with reference to another in regard to his competency or fitness for his trade or profession, and such derogatory language is slanderous per se."

II. The specific question involved in this appeal is

whether or not the trial court was justified in striking all reference in plaintiff's petition to "malice", in view of defendant having stated in the letter that he was not writing the letter as a matter of "personal bias", etc.

We are not in accord with the court's ruling. It is our position that when the defendant made the charges as to the incompetency of plaintiff in his work, in the three paragraphs of his letter, he made a charge against plaintiff which might be found to be libelous.

The case of Burghardt v. Scioto Sign Co., 191 Iowa 384, 392, 179 N.W. 77, 80, is somewhat similar in its basic facts and in the issues involved.

Scioto Sign Company wrote a letter to members of National Association of Advertising Novelty Manufacturers stating that they had discharged Miss Burghardt, charging that she was not loyal and faithful to them in connection with taking orders on their behalf. The trial court sustained a motion by defendant to direct a verdict. This court reversed. The court stated:

"The letter is clearly libelous per se. To constitute such libel, it is not necessary that the language complained of should charge the plaintiff with crime or unchaste conduct. It is enough if it appear that the language used imputes to the plaintiff acts or qualities having a natural tendency to injure her in her business, trade, or profession or to expose her to public contempt and condemnation. Children v. Shinn, 168 Iowa 531, 543 [150 N.W. 864]; Morse v. Times-Republican Ptg. Co., 124 Iowa 707, 712 [100 N.W. 867]. * * * An accusation of such nature is, in the law of libel, presumed to be false, and the burden is on the defendant to justify its charge by proof of its truth. On this issue the evidence was such that the jury could properly have found for the plaintiff, and the trial court erred in directing a verdict thereon in defendant's favor."

III. Defendant also filed motion for more specific statement. It pertained to two matters. First, the names of the general contractors to whom defendant sent the letter. Second, all details as to what business plaintiff lost, what bidding chances he lost, and detailed items of his damage.

■ Plaintiff would have no knowledge as to the names of the contractors to whom the letter was sent. Defendant mailed the letters and it was not possible for plaintiff to provide such a list.

■ As to the other matters concerning which defendant filed the motion, same all pertained to the details of plaintiff's proof when the case is tried. Plaintiff has made proper and adequate allegations as to his cause of action and damages. It is not necessary that he plead the details of his evidence.

The case of Johns v. Cooper, N. O. R. in Iowa, 205 N.W. 791, 792, is a slander action in which the court overruled a motion for more specific statement. In the case the court stated: "* * * defendant moved for a more specific statement by requiring plaintiff to set out the names, addresses, or places of residence of all persons claimed by plaintiff to be those to whom defendant made the statements, the time and place when each statement was made, and the particular words or statements and copy of the written statements, and in whose possession the written statements were. This motion was properly overruled."

IV. The only matter to be considered on the appeal from the order sustaining the motion to strike is the effect of the statement in the letter, which is the basis for the only ground of such motion: "This is not a matter of personal bias but of experience; consequently our decision stands as above indicated." Any other questions presented by appellant in his written brief and argument, or oral argument, are not before this court. John Rooff & Sons v. Winterbottom, 249 Iowa 122, 86 N.W.2d 131; Frederick v. Goff, 251 Iowa 290, 100 N.W.2d 624; Hot Spot Detector, Inc., v. Rolfes Electronics Corp., 251 Iowa 647, 102 N.W.2d 354; Markman v. Hoefer, 252 Iowa 118, 122, 106 N.W.2d 59, 62.

V. We reverse the trial court as to its ruling in connection with both the motion to strike and the motion for more specific statement. Defendant should now timely plead in accordance with rules and statute.—Reversed.

All JUSTICES concur except BLISS, J., not sitting.